[No. 42482.    En Banc.    November 30, 1972.]

BOBBY LEE ALBRIGHT *et al., Appellants,* v. THE DEPARTMENT OF MOTOR VEHICLES, *Respondent.*

James S. Witt, III, for appellants.

Slade Gorton, Attorney General, and David R. Minikel, Assistant, for respondent.

FINLEY, J.—This is a consolidated appeal from separate trial court judgments against three individuals who contend that their entitlement to drive should not have been suspended or revoked by the Department of Motor Vehicles following their respective convictions for alcohol-related driving offenses. The basis of this challenge involves the adequacy of the implied consent warnings given to the appellants prior to the refusal by each to submit to a breathalyzer test, and, in one of the three cases, whether a blood test satisfies the requirement of RCW 46.20.308 that a breathalyzer test be administered.

The facts in two of these cases are almost identical. Defendant-appellants Albright and Nelson were arrested for alcohol-related driving offenses, and were subsequently advised by law enforcement officers in the following manner:

According to the law I must advise you that you have the right to refuse to take a breathalyzer test for analysis to determine the amount of alcohol in your blood. If you refuse to take the test, your privilege to drive will be revoked or denied by the Department of Motor Vehicles. You further have the right to take additional tests administered by any qualified person of your choosing and at your expense.

Both Albright and Nelson refused to submit to the breathalyzer examination.

The facts of the third case, involving defendant-appellant Deskins, are as follows: On September 25, 1969, two Ta-

coma police officers were dispatched to the scene of an accident and found the appellant in his automobile seated behind the wheel. Noting a strong odor of intoxicants about his person, as well as other physical facts of his appearance, the officers believed him to be in a state of intoxication, and arrested him. Deskins was then transported to the Tacoma Police Station where he was advised of his rights and warnings under the implied consent law (RCW 46.20.308), and was further advised that even if he wanted to take an additional test, he was still required to take the breathalyzer test. Appellant Deskins refused to submit to the breathalyzer test at that time. Instead, he was transported at his request to St. Joseph's Hospital where a laboratory technician administered a blood test. The appellant was then transported back to the police station and asked to consent to the breathalyzer test. He again refused.

As a result of their refusal to take the breathalyzer test, the driving privileges of all three appellants were revoked by the Department of Motor Vehicles. In the ensuing superior court trials, these revocations were respectively sustained.

Appellants Albright and Nelson now contend that the implied consent warnings which they were given were inadequate. They argue that, pursuant to RCW 46.20.308, they should have been advised of the right to a hearing to determine whether their license to drive should be revoked. Further, they charge that the law enforcement officers should have supplied them with a list of qualified examiners who would be available for additional tests. They conclude that this lack of information resulted in insufficient warnings, and therefore constituted a violation of due process of law. We do not agree.

■   Regarding the issue of whether the arresting officer must advise the motor vehicle operator that he has a right to a hearing to determine whether his driving privileges should be revoked, we find that RCW 46.20.308(4) requires that this information is to be supplied by the Department of Motor Vehicles, not the officer:

Upon revoking the license or permit to drive or the nonresident operating privilege of any person, or upon determining that the issuance of a license or permit shall be denied to the person, as hereinbefore in this section directed, *the department shall immediately notify the person involved* in writing by personal service or by registered or certified mail of its decision and the grounds therefor, *and of his right to a hearing,* specifying the steps he must take to obtain a hearing.

(Italics ours.) RCW 46.20.308 (4). This statutory procedure provides for necessary notice to the licensee of the availability of a hearing to determine whether license revocation is appropriate. *See Bell v. Burson,* 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586 (1971). In each of the cases immediately before this court, the appellant was notified by the Department of Motor Vehicles of his right to a hearing, and therefore was accorded sufficient notice.

■ Next, the issue of whether a list of qualified examiners must be furnished the vehicle operator has been settled by the recent decision of this court in *State v. Richardson,* 81 Wn.2d 111, 117, 499 P.2d 1264 (1972), wherein we held as follows:

The manifest intent of this initiative of the people is that any operator who is arrested by an officer having reasonable grounds to believe that he is intoxicated, upon being informed of his right to have additional tests made and of the consequence of his refusal, must either submit to a test for blood alcohol or be subject to a license revocation. *Department of Motor Vehicles v. McElwain,* 80 Wn.2d 624, 496 P.2d 963 (1972). We see no reason consistent with this purpose to read into the act a requirement that in every case a person arrested must be given a list of the kinds of persons who may be qualified to administer such an additional test, whether or not he manifests any interest in exercising the right.

We adhere to and reiterate the foregoing views. Thus, the contention that a list of examiners should have been furnished to appellants is without merit.

■ Finally, we disagree with the contention of appellant Deskins that the request for and submission to a blood

test satisfies the requirement of RCW 46.20.308 that a breathalyzer test be administered. That statute provides as follows:

The officer shall warn the driver that his privilege to drive will be revoked or denied if he refuses to submit to the test. Unless the person to be tested is unconscious, the chemical test administered shall be of his *breath only*.

(Italics ours.) RCW 46.20.308(1). Since appellant Deskins had to be conscious to refuse the breathalyzer test, he was unequivocally required by this statute to submit to a test of his *breath*.

Finding no merit in the contentions of the appellants, the decisions of the respective trial courts are hereby affirmed.

HAMILTON, C.J., ROSELLINI, HUNTER, HALE, STAFFORD, WRIGHT, and UTTER, JJ., concur.