[No. 1608-1.   Division Three.   November 5, 1973.]

GLORIA ANN POST, *Respondent*, v. THE DEPARTMENT OF MOTOR VEHICLES, *Appellant*.

*Slade Gorton, Attorney General,* and *David R. Minikel, Assistant,* for appellant.

*McMullen, Brooke, Knapp & Grenier* and *Robert J. Grenier,* for respondent.

MUNSON, J.—The Department of Motor Vehicles appeals from a superior court order and judgment wherein the revocation of petitioner's driver's license, pursuant to the implied consent statute, RCW 46.20.308, was reversed and the license reinstated.

On January 22, 1971, Gloria Ann Post, respondent herein, was arrested for being drunk in public after being removed from behind the wheel of her automobile which had been driven into a ditch. The arresting officer had reasonable grounds to believe that respondent had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. At this time, respondent refused to submit to a breathalyzer examination.

The officer submitted a sworn report concerning the breathalyzer test refusal to the Department of Motor Vehicles, who then notified the respondent that her privilege to drive had been revoked for refusal to take the test. She requested a formal hearing before the department and such a hearing was granted. After the hearing, respondent's license was revoked and a petition for review to the King County Superior Court was filed.

In the superior court the only witness was the arresting officer. After testifying to the facts involving the arrest of respondent, he stated that respondent was advised of her rights with respect to a breathalyzer examination prior to being asked to submit to such an examination as follows:

A   I advised her she was under arrest for public intoxication and according to the law I must advise her that she might refuse to take a breathalizer to determine the amount of alcohol in her blood. I stated that if she refused, her privilege to drive would be revoked or denied by the Department of Motor Vehicles. I stated she further had the right to take additional tests by any quali-

fied person of her own choosing and at her own request.[1]

The respondent introduced, on cross-examination of the officer, a photocopy of the sworn report the officer had submitted to the Department of Motor Vehicles. That report, in its pertinent parts, read:

> At that time I had reasonable grounds to believe that the aforementioned person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. I requested the aforenamed individual to submit to a chemical breath test and informed him of the consequence of his refusal and his rights under RCW 46.20.308. The aforementioned person then refused to submit to a chemical test of his breath.

The trial court at the conclusion of the department's case held that because the officer's report did not conform to the requirements of RCW 46.20.308(1) as interpreted in *Connolly v. Department of Motor Vehicles,* 79 Wn.2d 500, 487 P.2d 1050 (1971), the report was faulty. Solely upon that basis, the license revocation was reversed.

The crucial issue in this case relates to the information imparted by the officer to the motorist. There is a distinction between the officer's duty to inform the operator of a motor vehicle suspected of being under the influence of alcohol pursuant to RCW 46.20.308(1)[2] and the officer's

---

[1]A similar advisement of rights was held sufficient in *Albright v. Department of Motor Vehicles,* 81 Wn.2d 609, 610, 503 P.2d 739 (1972).

[2]"Any person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent, subject to the provisions of RCW 46.61.506, to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense where, at the time of the arrest, the arresting officer has reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered at the direction of a law enforcement officer having reasonable grounds to believe the person to have been driving or in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor. Such officer shall inform the person of his right to refuse the test, and of his right to have additional tests administered by any qualified person of his

duty to submit a report to the Department of Motor Vehicles of a motorist's refusal to submit to a chemical test pursuant to RCW 46.20.308(3).[3]

Pursuant to statute, the officer, if he requests the driver to take the chemical breath test, is required to inform the motorist: (a) that he has a right to refuse the test; (b) upon a refusal, no test will be administered; (c) that his privilege to drive will be revoked or denied if he refuses to submit to a chemical test of his breath; and (d) that the motorist has the right to have additional tests administered by any qualified person of his choosing as provided by statute. RCW 46.20.308(1). *Cf. State v. Wetherell,* 82 Wn.2d 865, 514 P.2d 1069 (1973).

█ Once the motorist has refused the request to submit to a chemical test of his breath, the officer is required to submit a report to the Department of Motor Vehicles that: (a) he had reasonable grounds to believe that the motorist had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and (b) the person had refused to submit to the test upon request after

choosing as provided in RCW 46.61.506. The officer shall warn the driver that his privilege to drive will be revoked or denied if he refuses to submit to the test. Unless the person to be tested is unconscious, the chemical test administered shall be of his breath only."

[3]"If, following his arrest, the person arrested refuses upon the request of a law enforcement officer to submit to a chemical test of his breath, after being informed that his refusal will result in the revocation or denial of his privilege to drive, no test shall be given. The department of motor vehicles, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test upon the request of the law enforcement officer after being informed that such refusal would result in the revocation or denial of his privilege to drive, shall revoke his license or permit to drive or any nonresident operating privilege. If the person is a resident without a license or permit to operate a motor vehicle in this state, the department shall deny to the person the issuance of a license or permit for a period of six months after the date of the alleged violation, subject to review as hereinafter provided."

having been advised that such refusal would result in the revocation or denial of his privilege to drive.

In submitting the report to the Department of Motor Vehicles, the officer is not required to delineate with particularity those facts which were related to the motorist. Upon receipt of this report, the department is obligated to revoke the motorist's privilege to drive. *Lewis v. Department of Motor Vehicles*, 81 Wn.2d 664, 504 P.2d 298 (1972). RCW 46.20.308 (4)[4] requires the Department of Motor Vehicles thereupon to so notify the motorist and further inform him of his right to request a formal hearing.

■■■ Once the motorist challenges the revocation order through the formal hearing process, either at the department level or in the superior court, the officer's report is no longer controlling unless no oral testimony is taken at the subsequent hearing and the matter is submitted solely upon

---

[4]"Upon revoking the license or permit to drive or the nonresident operating privilege of any person, or upon determining that the issuance of a license or permit shall be denied to the person, as hereinbefore in this section directed, the department shall immediately notify the person involved in writing by personal service or by registered or certified mail of its decision and the grounds therefor, and of his right to a hearing, specifying the steps he must take to obtain a hearing. The person upon receiving such notice may, in writing and within ten. days therefrom request a formal hearing. Upon receipt of such request, the department shall afford him an opportunity for a hearing as provided in RCW 46.20.329 and RCW 46.20.332. The scope of such hearing for the purposes of this section shall cover the issues of whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor, whether the person was placed under arrest and whether he refused to submit to the test upon request of the officer after having been informed that such refusal would result in the revocation or denial of his privilege to drive. The department shall order that the revocation or determination that there should be a denial of issuance either be rescinded or sustained. Any decision by the department revoking a person's driving privilege shall be stayed and shall not take effect while a formal hearing is pending as herein provided or during the pendency of a subsequent appeal to superior court: *Provided,* That this stay shall be effective only so. long as there is no conviction for a moving violation during pendency of the hearing and appeal."

the basis of the contents of the sworn report. *Lewis v. Department of Motor Vehicles, supra.*

Here, the department did not rely upon the officer's report, prepared pursuant to RCW 46.20.308(3), but submitted the matter to the court upon the oral testimony of the arresting officer. Since the trial court reversed the license revocation solely upon the basis that the officer's report was deficient, without consideration of the officer's testimony, judgment must be reversed.

Respondent cross-appeals, alleging that the trial court erred in failing to base its reversal upon the additional ground that the arresting officer's oral testimony did not comply with the mandatory statutory requirements of RCW 46.20.308(1). We are unable to reach that issue since it requires an independent determination involving the weight and credibility of the officer's testimony. Furthermore, since the matter was decided at the completion of the department's case, the respondent has not had an opportunity to present evidence in her behalf. Upon remand, such a determination will be made and will then be subject to review.

Judgment is reversed, and the case remanded for a new trial.

GREEN, C.J., and McINTURFF, J., concur.