[No. 42501. En Banc. November 29, 1973.]

RICHARD LEE NOWELL, *Respondent*, v. THE DEPARTMENT OF MOTOR VEHICLES, *Appellant*.

*Slade Gorton, Attorney General,* and *David R. Minikel, Assistant,* for appellant.

*Bardell D. Miller* (of *Senter & Miller*), for respondent.

HAMILTON, J.—Respondent, Richard Lee Nowell, was, upon reasonable grounds, arrested and charged with the offense of driving while under the influence of intoxicating liquor. The arresting officer requested that he submit to a chemical sobriety test after properly advising him of his rights and of the consequences of a refusal pursuant to

RCW 46.20.308, the implied consent law. Respondent refused to take the test. Thereafter, he entered a plea of guilty to the charge and was sentenced. His driver's license was not, however, suspended or revoked by the court.

The Department of Motor Vehicles initiated administrative proceedings pursuant to RCW 46.20.308 which led to an administrative revocation of respondent's driver's license for a period of 6 months. Review of the revocation order was sought and obtained in the superior court. The superior court reversed the revocation upon the grounds that the plea of guilty and conviction thereupon fulfilled the purpose of the implied consent law and negated the necessity for administrative revocation of driving privileges. Appeal by the Department of Motor Vehicles followed.

The sole question presented is: Does a plea of guilty and/or a conviction of an offense within the contemplation of RCW 46.20.308 preclude the Department of Motor Vehicles from revoking the driver's license for a refusal to take a chemical sobriety test?

We answer the question in the negative and reverse the judgment of the superior court.

The portions of RCW 46.20.308 pertinent to our inquiry are as follows:

> (3) If, following his arrest, the person arrested refuses upon the request of a law enforcement officer to submit to a chemical test of his breath, after being informed that his refusal *will result* in the revocation or denial of his privilege to drive, no test shall be given. The department of motor vehicles, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test upon the request of the law enforcement officer after being informed that such refusal *would result* in the revocation or denial of his privilege to drive, *shall revoke* his license or permit to drive
> . . .

(Italics ours.) RCW 46.20.308 (3).

(4) Upon revoking the license or permit to drive . . . of any person . . . the department shall immediately notify the person involved in writing . . . of its decision and the grounds therefor, and of his right to a hearing . . . The person upon receiving such notice may, in writing . . . request a formal hearing. . . . The scope of such hearing for the purposes of this section *shall cover* the issues of [(1)] whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor, [(2)] whether the person was placed under arrest and [(3)] whether he refused to submit to the test upon request of the officer after having been informed that such refusal *would result* in the revocation or denial of his privilege to drive.

(Italics ours.) RCW 46.20.308 (4).

(5) If the revocation or determination that there should be a denial of issuance is sustained after such a hearing, the person whose license, privilege or permit is so affected shall have the right to file a petition in the superior court of the county wherein he resides, or, if a nonresident of this state, where the charge arose, to review the final order of revocation or denial by the department in the manner provided in RCW 46.20.334.

RCW 46.20.308 (5).

 In *State v. Womack,* 82 Wn.2d 382, 510 P.2d 1133 (1973), we observed and held the mandatory terms contained in RCW 46.20.308 (3) and (4), relating to the duty of the Department of Motor Vehicles and the scope of its inquiry at a formal hearing, left no discretion with the department but to revoke an offending motorist's driver's license upon finding the designated facts. We further held that on review of the department's order of revocation the superior court was likewise confined to the issues set forth in RCW 46.20.308 (4) and, upon a finding that the department correctly resolved the designated issues, the revocation was to be confirmed. In the instant case, the superior court expressly found that the arresting officer had reason-

able grounds to believe the respondent was driving while intoxicated, that respondent was placed under arrest, and that he refused to take the sobriety test after being properly advised of the consequences of such refusal. Upon these findings the superior court should have sustained the revocation.

Nevertheless, respondent argues, and the superior court concluded, that the primary intent and purpose of the implied consent law was to reduce the incidence of drunken driving by providing law enforcement officials with an efficient means of gathering evidence for use in related criminal proceedings. Thus, it is contended the primary objective of the statute was accomplished by respondent's plea of guilty and conviction. We cannot agree.

In *State v. Moore*, 79 Wn.2d 51, 483 P.2d 630 (1971), we took note of the increasing public menace created by intoxicated drivers on our streets and highways, and upheld the constitutionality of the implied consent law as a police power measure enacted in the interest of the general welfare and safety. To carry out the intended objective, we believe the enactment has a threefold purpose: (1) to discourage individuals from driving an automobile while under the influence of intoxicants, (2) to remove the driving privileges from those individuals disposed to driving while inebriated, and (3) to provide an efficient means of gathering reliable evidence of intoxication or nonintoxication.

To further the objective, the implied consent enactment provided a civil administrative proceeding for revoking driving privileges in appropriate instances, separate and distinct from the criminal proceedings which might ensue following the arrest of an offending motorist. *Fritts v. Department of Motor Vehicles*, 6 Wn. App. 233, 492 P.2d 558 (1971). An acquittal or conviction in the incidental criminal proceeding bears no relationship nor does it have any effect upon the administrative revocation process. *Accord, Prucha v. Department of Motor Vehicles*, 172 Neb. 415, 110 N.W.2d 75, 88 A.L.R.2d 1055 (1961); *Ziemba v. Johns*, 183

Neb. 644, 163 N.W.2d 780 (1968); *Hazlett v. Motor Vehicle Dep't,* 195 Kan. 439, 407 P.2d 551 (1965); *Serenko v. Bright,* 263 Cal. App. 2d 682, 70 Cal. Rptr. 1 (1968); *August v. Department of Motor Vehicles,* 264 Cal. App. 2d 52, 70 Cal. Rptr. 172 (1968); *Hoban v. Rice,* 22 Ohio App. 2d 130, 259 N.E.2d 136 (1970), *aff'd,* 25 Ohio St. 2d 111, 267 N.E.2d 311 (1971).

The superior court erred in holding otherwise.

Respondent relies upon *State Dep't. of Highways v. Schlief,* 289 Minn. 461, 185 N.W.2d 274 (1971), wherein the Supreme Court of Minnesota, under that state's implied consent law, upheld a judicial rescission of an administrative license revocation upon the grounds that a plea of guilty to a drunken driving charge constituted a reasonable refusal to take a sobriety test. The *Schlief* case, however, is clearly distinguishable since the Minnesota implied consent law is not couched in the mandatory language found in our enactment. The statute of that state permits an evaluation of the reasonableness of an arrested motorist's refusal to submit to a sobriety test. Our statute does not.

The judgment of the superior court is reversed and the order of revocation issued by the Department of Motor Vehicles is reinstated.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.