[No. 3106-1.    Division One.    June 21, 1976.]

C. W. HATTEN, *Appellant*, v. THE DEPARTMENT OF MOTOR VEHICLES, *Respondent.*

*Venable & Wing* and *Richard E. Wing,* for appellant.

*Slade Gorton, Attorney General,* and *James R. Silva, Assistant,* for respondent.

PER CURIAM.—C. W. Hatten appeals from a judgment sustaining the determination of the State Department of Motor Vehicles to suspend her license for 6 months for failure to submit to a Breathalyzer test.

She contends that (1) the trial court erred in denying a motion to dismiss which was based upon the destruction of a video tape; (2) the trial court erred in entering finding of fact No. 6 which stated: "after having been so informed, the petitioner refused to submit to a chemical test of breath";

and (3) the trial court erred in refusing to enter her proposed findings of fact and conclusions of law.[1]

Hatten's first assignment of error concerns the destruction of a video tape which had been taken from 11:20 to 11:30 p.m. following her arrest on September 15, 1972. On February 28, 1973, Hatten's attorney served a subpoena duces tecum on the Seattle Police Department in an attempt to preserve the video tape for trial. Upon notification of a trial date, a second subpoena was served; however, it was learned that the video tape had been destroyed in August of 1973.

Hatten relies upon *Brady v. Maryland,* 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 (1963) to support her contention that the destruction of the video tape denied her due process of law. *See Seattle v. Fettig,* 10 Wn. App. 773, 519 P.2d 1002 (1974). We disagree. In *Turner v. Department of Motor Vehicles,* 14 Wn. App. 333, 334, 541 P.2d 1005 (1975), we stated:

> *Brady v. Maryland,* . . . establishes the rule that due process requires that the State make known and available to a criminal defendant any evidence known to the prosecution which may tend to favor him and to establish his innocence. *Brady,* however, is limited to criminal cases; a license revocation is a civil proceeding. . . . We are not prepared to extend the rule to license revocation proceedings.

(Citations omitted.) *See also Nowell v. Department of Motor Vehicles,* 83 Wn.2d 121, 516 P.2d 205 (1973).

Moreover, in her motion to dismiss, Hatten alleged that the video tape would show that she did not refuse to take the Breathalyzer. At the Superior Court hearing the State stipulated that

> if the videotape were present and presented in court as

---

[1]Hatten also contends that the arresting officer did not correctly advise her of the penalty to be imposed for refusing to submit to a Breathalyzer. *See Welch v. Department of Motor Vehicles,* 13 Wn. App. 591, 536 P.2d 172 (1965). This issue was not presented to the trial court and, accordingly, it will not be considered on appeal. *Talps v. Arreola,* 83 Wn.2d 655, 521 P.2d 206 (1974); *Garrett v. Shriners Hosp.,* 13 Wn. App. 77, 533 P.2d 144 (1975).

evidence it would show that C. W. Hatten did not refuse to take the breathalyzer test.

This stipulation resolved the question that Hatten wished to prove by the use of the video tape.

■ Hatten next contends that the trial court erred in finding that she refused to submit to a chemical breath test. Finding of fact No. 6. We disagree. The arresting officer testified that following the conclusion of the video tape, he repeatedly asked Mrs. Hatten to take a chemical breath test. She responded that she would not take the test until she called her husband. The officer permitted her to use the telephone on several occasions, however, she was unable to contact her husband. The officer finally advised her that she was required to take the test regardless of whether she talked to her husband. When she again responded that she wanted to talk to her husband before she took the test, the officer marked on the acknowledgment form that she refused the test. The officer then ended his attempt to have her submit to the test. This testimony was substantial evidence upon which to find that she refused the test. Findings which are based upon substantial evidence will not be disturbed on appeal. *Turner v. Department of Motor Vehicles, supra.*

■ Hatten finally contends that the trial court erred in not entering her proposed findings of fact and conclusions of law to the effect that she was confused concerning her rights under RCW 46.20.308. She bases this contention upon *Strand v. Department of Motor Vehicles*, 8 Wn. App. 877, 883, 509 P.2d 999 (1973), in which we stated:

When a driver clearly exhibits that he is confused or does not understand the information directed by RCW 46.20.308 to be given him by the officer, then the officer is required to further clarify the driver's alternatives and the consequences of electing one or the other. Under these circumstances, when clarification is not provided, the license of the driver may not be revoked on the ground that he refused the breathalyzer test. The burden of showing that he made his confusion apparent to the

officer and was denied further clarification is upon the driver who proposes such a defense. When such a defense is presented, a finding as to whether or not the defendant explicitly exhibited his lack of understanding and was denied clarification must be entered.

See *Shoemaker v. Department of Motor Vehicles*, 11 Wn. App. 860, 526 P.2d 908 (1974).

Here, the trial court heard the testimony of the arresting officer as well as Mrs. Hatten concerning whether or not she objectively manifested her confusion concerning her rights under RCW 46.20.308. In its oral opinion, the trial court stated:

> There is nothing in the evidence that has been presented here, and I have considered the stipulation as well as the testimony to justify any finding that Mrs. Hatten was confused. Confused is not the same as disagreeing, and what appears here is a matter of disagreement, Mrs. Hatten feeling that she had a right to complete a telephone call.
>
> . . .
>
> . . . there is no basis for any finding or inference of any misunderstanding or confusion. It is simply a matter of a person insisting on something to their own detriment about which they are clearly advised to the contrary.

It was not necessary for the trial court to enter a negative finding of fact concerning confusion. *See Hering v. Department of Motor Vehicles*, 13 Wn. App. 190, 534 P.2d 143 (1975). In any event, the trial court's refusal to enter Hatten's proposed findings concerning confusion when considered with the oral decision, is sufficient to show that she did not sustain her burden of proving that she was confused. Her contention that she established her confusion as a matter of law is rejected.

Affirmed.

Petition for rehearing denied July 28, 1976.

Review denied by Supreme Court December 21, 1976.