[No. 5086–2–II.   Division Two.   March 2, 1983.]

KARL H. KAYE, *Appellant,* v. THE DEPARTMENT
OF LICENSING, *Respondent.*

*Ralph C. Hove,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Robert P. Manos, Assistant,* for respondent.

WORSWICK, J.—Is the arresting officer's sworn report (RCW 46.20.308(3)) admissible over objection in a de novo superior court hearing, as proof of the underlying facts which the Department of Licensing has the burden of proving in an implied consent appeal (RCW 46.20.334)? We hold it is not.

On February 6, 1979, appellant was arrested for allegedly driving while under the influence of intoxicating liquor. The

arresting officer prepared and filed with the Department of Licensing the sworn report required by RCW 46.20.308 (the implied consent law). Based on this report the Department revoked appellant's driver's license for 6 months for his refusal to take a Breathalyzer test. Appellant appealed through administrative channels and then, pursuant to RCW 46.20.308(5) and .334, filed a petition for de novo review in Kitsap County Superior Court. The arresting officer did not appear at the de novo trial. The court, over objection, admitted the sworn report as substantive evidence of the underlying circumstances. No other evidence was submitted. The trial court sustained the Department's revocation order. Appellant contends that the sworn report prepared by the arresting officer is inadmissible as hearsay and is incompetent to support the Department's burden of proof in a superior court trial de novo. We agree.

■ The sworn report is a jurisdictional prerequisite to the Department's administrative authority to revoke a licensee's privilege to drive under RCW 46.20.308(3). *Metcalf v. Department of Motor Vehicles,* 11 Wn. App. 819, 525 P.2d 819 (1974). However, it has no relevance in the superior court (*Lewis v. Department of Motor Vehicles,* 81 Wn.2d 664, 504 P.2d 298 (1972)); the de novo proceeding in that court is a "full and independent judicial, evidentiary, and factual review". *Department of Motor Vehicles v. Andersen,* 84 Wn.2d 334, 340, 525 P.2d 739 (1974); *Springer v. Department of Licensing,* 24 Wn. App. 847, 604 P.2d 994 (1979). The burden of proof is on the Department. *Springer,* 24 Wn. App. at 849; RCW 46.20.308(4). It is axiomatic that the rules of evidence apply. In the absence of an exception to the hearsay rule, the report is inadmissible hearsay if offered, as it was here, to prove the substantive facts. ER 801(c). We can find no exception.

The Department contends that the report is admissible as a public record properly certified pursuant to RCW 5.44.040.[1] We disagree. That statute can be read as nothing

---

[1]RCW 5.44.040 provides:

more than an authentication statute which provides only a method for proving that a document is what it purports to be.[2] However, it has been more broadly interpreted as a codification of the "public documents" exception to the hearsay rule. *See State v. Malone,* 9 Wn. App. 122, 130, 511 P.2d 67 (1973) (document admitted to prove the fact of a previous traffic conviction). To fall within this exception, a document must contain facts and not conclusions involving the exercise of judgment or discretion or the expression of opinion. *Steel v. Johnson,* 9 Wn.2d 347, 115 P.2d 145 (1941). This report does not qualify. It is nothing more than a printed form setting forth, essentially verbatim, the conclusory language of RCW 46.20.308(3).

The Department also contends that its position is supported by *Post v. Department of Motor Vehicles,* 9 Wn. App. 878, 515 P.2d 844 (1973). Again, we disagree. The court in *Post* was concerned exclusively with the technical requirements of the sworn report as they related to de novo proceedings in superior court in which the arresting officer testified. The *Post* court reversed a trial court order dismissing a revocation order of the Department because the trial court had disregarded the officer's testimony in determining that the sworn report was technically deficient. The Department seeks refuge in the following language from the opinion:

> Once the motorist challenges the revocation order through the formal hearing process, either at the department level or in the superior court, the officer's report is no longer controlling *unless no oral testimony is taken at the subsequent hearing and the matter is submitted*

---

"Certified copies of public records as evidence. Copies of all records and documents on record or on file in the offices of the various departments of the United States and of this state, when duly certified by the respective officers having by law the custody thereof, under their respective seals where such officers have official seals, shall be admitted in evidence in the courts of this state."

[2]There can be no argument that the report is admissible to prove that it was made. *Brewer v. Department of Motor Vehicles,* 23 Wn. App. 412, 595 P.2d 949 (1979). However, the fact that it was made does not establish that it is true.

*solely upon the basis of the contents of the sworn report. Lewis v. Department of Motor Vehicles, supra.*

Here, the department did not rely upon the officer's report, prepared pursuant to RCW 46.20.308(3), but submitted the matter to the court upon the oral testimony of the arresting officer. Since the trial court reversed the license revocation solely upon the basis that the officer's report was deficient, without consideration of the officer's testimony, judgment must be reversed.

(Italics ours.) *Post,* 9 Wn. App. at 882. However, the Department's reliance on *Post* is misplaced. There is no suggestion that the issue before us was considered in *Post*; nor is there any indication as to what circumstances the court had in mind in using this language. The language is plainly dicta.

Because the Superior Court's judgment sustaining the Department's revocation order was based exclusively on inadmissible hearsay, it must be, and it is, reversed.

PETRICH, C.J., and PETRIE, J., concur.