[No. 13508–2–I.   Division One.   January 15, 1986.]

MARGO E. WAID, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

*Jerry William Bird,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Gwendolyn Howard, Assistant,* for respondent.

WEBSTER, J.—This is an appeal from a trial de novo in King County Superior Court concerning the Department of Licensing's revocation of appellant Margo Waid's driver's license for refusing to consent to a chemical test of her breath. Waid alleges: (1) the arrest was without probable cause and thereby invalidates the license suspension; (2) the Department lacked jurisdiction; (3) she was confused

about her rights; and (4) she should have been allowed another opportunity to take the Breathalyzer test. We affirm.

On March 26, 1982, Officer A received a radio call that a citizen had complained of another citizen's driving behavior at 126th Avenue Northeast and Northeast 70th in Kirkland. When Officer A arrived at the described location, she observed Waid standing near the rear of a large, green vehicle. A gentleman was holding Waid by the arm. One witness, T.O., told the officer that Waid had been driving erratically and that he had followed her and forced her to stop.

Officer A advised Waid of her *Miranda* rights and placed her under arrest for driving while intoxicated. Officer B arrived at the scene within a minute and later transported Waid to the police station. At the station Officer B, with Officer A looking on, advised Waid of her implied consent rights.

Waid refused to take the Breathalyzer test. Subsequently her driving privileges were revoked by the Department of Licensing for 6 months. At a trial de novo in King County Superior Court, the judge sustained the revocation of driving privileges. Waid appeals.

### OFFICER'S ARREST

RCW 10.31.100(3)(d) provides that a police officer may arrest a person without a warrant when the officer has probable cause to believe that a person has committed or is committing a violation of RCW 46.61.502 or 46.61.504, relating to persons driving or having actual physical control of a motor vehicle while under the influence of intoxicating liquor or drugs. Waid argues that Officer A lacked probable cause to arrest her.

■ Probable cause to arrest exists where the totality of the facts and circumstances known to the officers at the time of arrest would warrant a reasonably cautious person to believe an offense is being committed. *Watkins v. Department of Licensing,* 33 Wn. App. 853, 658 P.2d 53

(1983). The trial judge found that Officer A had reasonable grounds to believe Waid had been driving or was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. Therefore, the standard of review of this question of fact is whether there is substantial evidence to support the finding. *See Hatten v. Department of Motor Vehicles*, 15 Wn. App. 656, 551 P.2d 145 (1976).

Officer A testified that she received a radio call about "a citizen complaint of some driving at 126[th Avenue] Northeast, Northeast 70th in Kirkland".[1] The officer said she observed Waid standing near the rear of a vehicle with a gentleman who was holding her by the arm. As the officer approached Waid she noticed Waid was wearing nylons, but no shoes, her hair was disorderly and that her breath had a very strong odor of intoxicants.

Officer A testified that T.O. related to her how he had followed Waid, that Waid had weaved all over the road and that when he persuaded Waid to stop the vehicle he noticed a strong odor of intoxicants on Waid's person. T.O. also told Officer A that Waid had been behind the wheel and he had taken the keys from her. The officer said her decision to arrest Waid was based on her own personal observations and the information from T.O.

Although it is not clear from the record exactly how much information T.O. relayed to Officer A before the arrest, we are satisfied that the information known to the officer together with her observations constituted probable cause. There is substantial evidence in the record to support the trial court's finding.

## JURISDICTION

Waid states that the sworn report, required by former RCW 46.20.308(3), contains an untrue statement.[2] The

---

[1] The trial judge specifically omitted anything contained in the radio broadcast in reaching his decision that there was probable cause for the arrest.

[2] RCW 46.20.308(3) provides, in pertinent part: "The department of licensing,

sworn report reads: "I requested the aforenamed individual to submit to a chemical breath test and informed [her] of the consequences of [her] refusal and [her] rights under RCW 46.20.308." The report is signed by Officer A and is notarized. However, at the de novo hearing Officer A testified that she did not personally advise Waid of her implied consent rights but that she witnessed Officer B advising Waid of her rights.

A "sworn report" is a jurisdictional prerequisite to the institution of revocation proceedings under the implied consent statute, and the Department has the burden at a de novo trial to prove the existence of the report. *Binckley v. Department of Motor Vehicles,* 16 Wn. App. 398, 556 P.2d 561 (1976). However, the sworn report is inadmissible to prove the truth of the matters asserted in the report. *Kaye v. Department of Licensing,* 34 Wn. App. 132, 659 P.2d 548 (1983).

The relevant issues at a de novo hearing are: (1) whether a law enforcement officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor; (2) whether the person was placed under arrest; and (3) whether the person refused to submit to the test after being fully informed of the consequences of refusing. *See Nowell v. Department of Motor Vehicles,* 83 Wn.2d 121, 516 P.2d 205 (1973). In a de novo proceeding the superior court makes a "full and independent judicial, evidentiary, and factual review". *Kaye v. Department of Licensing, supra* at

---

upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon the public highways of this state while under the influence of intoxicating liquor and that the person had refused to submit to the test upon the request of the law enforcement officer after being informed that such refusal would result in the revocation or denial of his privilege to drive, shall revoke his license or permit to drive or any nonresident operating privilege."

133. At the de novo hearing both Officer A and Officer B testified that Waid was read her rights and that she refused to take the test.

Since both officers testified before the superior court judge and since the testimony substantially supports the trial court's findings that Waid was advised of her rights and refused to submit to the test, any technical deficiencies in the sworn statement are irrelevant.

## CONFUSION

Waid testified at the de novo hearing that she was confused about her implied consent rights. She testified that part of her confusion was about the blood testing procedure. At first she was under the impression that she would have to ingest chemicals as part of the test. As a practicing Christian Scientist she did not wish to do this.

Officer A testified that although Waid had been crying earlier she had calmed down considerably by the time they reached the police station and that Waid did not appear confused. Officer B said she explained to Waid that ingestion of chemicals was unnecessary. She further testified:

> She did not show confusion at that point. She again refused to take the test. And again at that point I reexplained to her the implied consent warnings reiterating the fact, for a third time, that if she refused to take the test she would have her license revoked.

In *Strand v. Department of Motor Vehicles,* 8 Wn. App. 877, 509 P.2d 999 (1973), this court held that the driver asserting the confusion defense has the burden of showing that the confusion was made apparent to the officer and that the driver was denied further clarification. The court went on to say that when such a defense is presented a finding *must* be entered as to whether or not the defendant explicitly exhibited his lack of understanding and was denied clarification. *Strand,* at 883.

Although the trial court's findings do not specifically mention confusion, finding of fact 4 does state: "[D]uring

the time petitioner was in her custody, Officer [A] was present while Officer [B] advised petitioner of the rights under RCW 46.20.308 and the consequences of refusing to submit to a chemical test of [the] breath." In the oral opinion the judge stated:

> [T]he petitioner was advised by Officer [B] that she had . . . the right to consent to a chemical breath test or the right to refuse a chemical breath test . . . and that the petitioner was advised not once, but on two or three occasions that her refusal to submit to a chemical breath test would result in revocation of her driver's license.
>
> I further find from the evidence that the petitioner refused to submit to the test upon the request of the law enforcement officer, to-wit, Officer [B]. That that request was made at least two times.

█ It is implied from the court's oral opinion and finding of fact 4 that Waid failed to carry the burden of showing that she was confused about the consequences of refusing the Breathalyzer test. A review of the record discloses that Waid was at first confused about whether chemicals must be injected to administer the test. However, this type of confusion is not the type of confusion addressed in *Strand* and its progeny. The concern in those cases is whether the driver understands the consequences of refusing to submit to a chemical breath test, not whether the driver understands the mechanics of the test. Thus, *Strand* is not binding in this instance, and a finding is not required.

### SUBSEQUENT OPPORTUNITY TO TAKE BREATHALYZER

█ Waid argues that although she had previously refused to submit to the breath test, she should have been allowed subsequent opportunities to change her mind. We disagree. A driver is not entitled to repeated invitations to submit to a breath test. *Wolf v. Department of Motor Vehicles*, 27 Wn. App. 214, 616 P.2d 688 (1980); *Currier v. Department of Motor Vehicles*, 20 Wn. App. 16, 578 P.2d 1325 (1978).

The trial court's judgment is affirmed.

SWANSON, J., and PETRIE, J. Pro Tem., concur.

Review denied by Supreme Court March 21, 1986.