[Nos. 31058-5-I; 31060-7-I;   Division One.   January 10, 1994.]
       31196-4-I; 32105-6-I.

STANLEY P. BROOM, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

GARY L. AICHLMAYR, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

DOUGLAS C. MITCHELL, *Respondent,* v. THE DEPARTMENT OF LICENSING, *Appellant.*

RYSZARD MATUSZEWSKI, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

*Christine O. Gregoire, Attorney General,* and *Gwendolyn Howard, Assistant,* for appellant Department of Licensing;

*Albert A. Rinaldi, Jr.,* for appellants Broom and Aichlmayr; *Anthony Savage,* for appellant Matuszewski.

*Christine O. Gregoire, Attorney General,* and *Gwendolyn Howard, Assistant,* for respondent Department of Licensing; *Albert A. Rinaldi, Jr.,* for respondent Mitchell.

AGID, J. — The Department of Licensing (DOL) revoked appellants Broom's, Aichlmayr's and Matuszewski's and respondent Mitchell's drivers' licenses for refusal to submit to a breath test. The Superior Court affirmed the revocations in Broom, Aichlmayr and Matuszewski; they appeal those decisions. The trial court reversed in Mitchell, and the Department of Licensing (DOL) appeals that decision. We hold that the use of summary language in the report submitted to DOL by the arresting officer to describe the implied consent warnings given to a driver arrested for driving while under the influence does not constitute a jurisdictional bar to a subsequent license revocation proceeding. Accordingly, we affirm the trial courts in Broom, Aichlmayr and Matuszewski and reverse in Mitchell.

Stanley P. Broom, Gary L. Aichlmayr, Ryszard Matuszewski and Douglas C. Mitchell were arrested during 1991 in King County for driving while under the influence of intoxicating liquor.[1] The arresting officers followed the same procedure in each case. At the police station, the drivers were asked a series of questions from a prepared form and then given the following implied consent warning:

> Warning: You are under arrest for driving a motor vehicle while under the influence of intoxicating liquor. Further, you are now being asked to submit to a test of your breath which consists of two separate samples of your breath, taken independently, to determine alcohol content. You are now advised that you have the right to refuse this breath test; that if you refuse, your privilege to drive will be revoked or denied by the Department of Licensing; and that you have the right to additional tests administered by a qualified person of your own

---

[1] Broom was arrested on April 13, 1991, Aichlmayr was arrested on May 8, 1991, Matuszewski was arrested on October 19, 1991, and Mitchell was arrested on January 30, 1991. They are referred to as "drivers" in this opinion.

choosing and that your refusal to take the test may be used in a criminal trial.

Each driver refused to submit to a breath test. The arresting officers then recorded the refusal on a "Report of Request to Submit to Breath/Blood Test" (hereinafter report) form, which set forth the warnings given to the drivers in summary language.

The reports were forwarded to DOL, which revoked the driver's license in each case. The drivers requested and received administrative hearings. In each case, the hearing officer sustained the license revocation. The drivers appealed the revocations to the King County Superior Court where, in de novo hearings at which the arresting officers testified, the court upheld the license revocations in Broom's, Aichlmayr's and Matuszewski's cases. In Mitchell's case the court granted his motion to dismiss and entered an order reinstating his driving privileges. These appeals followed.

The first issue we address is whether the use of summary language in a report in setting forth the implied consent warning given to a driver arrested for driving while under the influence of intoxicating liquor impairs the jurisdiction of DOL to institute revocation proceedings under RCW 46.20-.308.[2]

RCW 46.20.308(6) provides:

> The department of licensing, upon the receipt of a sworn report of the law enforcement officer that the officer had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor and that the person had refused to submit to the test or tests upon the request of the law enforcement officer *after being informed that refusal would result in the revocation of the person's privilege to drive,* shall revoke the person's license or permit to drive or any nonresident operating privilege.

(Italics ours.) The reports submitted by officers to DOL contain the following language:

---

[2]This issue is raised for the first time on appeal by Matuszewski. Because he is challenging DOL's jurisdiction, the issue is properly raised for the first time on appeal. RAP 2.5(a).

The aforementioned individual was requested to submit to a breath/blood test and *informed of the consequences of refusal and his/her rights under RCW 46.20.308.*

(Italics ours.)

The drivers maintain that, because a sworn police report is a jurisdictional prerequisite of DOL's authority to revoke a driver's license, strict compliance with the wording of the statute is required and the language used in these reports is inadequate to confer jurisdiction on DOL. DOL argues that the omission of the precise statutory language does not deprive it of jurisdiction.

A sworn officer's report is a jurisdictional prerequisite to DOL's power to revoke a driver's license. *Waid v. Department of Licensing*, 43 Wn. App. 32, 36, 714 P.2d 681, *review denied*, 105 Wn.2d 1015 (1986); *Metcalf v. Department of Motor Vehicles*, 11 Wn. App. 819, 822, 525 P.2d 819 (1974). The use of the report is limited to establishing DOL's jurisdiction; it may not be offered into evidence to prove substantive facts. *Borger v. Department of Licensing*, 51 Wn. App. 942, 945, 756 P.2d 153, *review denied*, 111 Wn.2d 1016 (1988); *Kaye v. Department of Licensing*, 34 Wn. App. 132, 659 P.2d 548 (1983). The report has no relevance at all in the superior court's de novo review of the revocation. *Lewis v. Department of Motor Vehicles*, 81 Wn.2d 664, 667, 504 P.2d 298 (1972). All issues contained in the report, including the issue of whether the driver was given the appropriate warning, must be proved by DOL whenever an administrative hearing is requested. RCW 46.20.308(7).

The extent to which a report must comply with the precise statutory wording of RCW 46.20.308 has been considered in other cases. In *Metcalf*, this court held that failure to comply with the requirement that a sworn report be submitted[3] is sufficient to destroy DOL's jurisdiction. 11 Wn. App. at 822. In *Waid*, this court held that although a "sworn report" is a jurisdictional prerequisite to the institution of

---

[3]At the time of the *Metcalf* decision, a sworn report was required to confer jurisdiction on DOL. RCW 9A.72.085 now permits any matter in an official proceeding that is required by statute to be sworn to be certified instead. Thus, under RCW 46.20.308 a report can be sworn or certified. The reports in the cases here were certified.

revocation proceedings, a technical deficiency in the officer's sworn report did not deprive DOL of jurisdiction to proceed. 43 Wn. App. at 36.

In *Post v. Department of Motor Vehicles*, 9 Wn. App. 878, 515 P.2d 844 (1973), a case not cited by the parties, this court considered the same issue as the one raised here.[4] In *Post*, the arresting officer testified that he gave the driver the following warning: "if she refused [to take a Breathalyzer test], her privilege to drive would be revoked or denied". 9 Wn. App. at 879. The report submitted by the officer to the Department of Motor Vehicles[5] stated: "I requested the afore-named individual to submit to a chemical breath test and informed him of the consequence of his refusal and his rights under RCW 46.20.308." 9 Wn. App. at 880.

In *Post*, the court drew a distinction between the officer's duty to inform a driver of the consequences of refusing to submit to a breath test and the officer's duty to submit a report of the driver's refusal to the Department of Motor Vehicles. 9 Wn. App. at 880-81. The court held that "[i]n submitting the report . . . the officer is not required to delineate with particularity those facts which were related to the motorist." 9 Wn. App. at 882. The court noted that, as discussed above, once the formal hearing process is begun, the information contained in the officer's report is no longer controlling and DOL must still establish that the driver received the proper warnings of the consequences of refusing to submit to a breath test. 9 Wn. App. at 882-83.[6]

We hold that it is the existence of a certified report, not its contents, that confers jurisdiction on DOL and that the

---

[4]The *Post* court did not frame the issue in terms of whether a technically deficient report constituted a jurisdictional defect. Rather, it focused on whether the trial court erred in dismissing the case without considering the arresting officer's testimony.

[5]RCW 46.20.308 (Laws of 1979, ch. 158, § 151), in former subsection (3), substituted "department of licensing" for "department of motor vehicles".

[6]In *Post*, the court reversed the trial court order dismissing a revocation order because the trial court had disregarded the officer's testimony in determining that the sworn report was technically deficient. *Post v. Department of Motor Vehicles, supra.*

use of summary language in a report is adequate, so long as it sets forth the information required by RCW 46.20.308(6). In holding that the contents of a report are not the basis of DOL's jurisdiction, we do not suggest that a report containing a significant variation from or an omission of the information required under RCW 46.20.308(6) would be adequate to confer jurisdiction. We hold only that the use of summary language will not defeat jurisdiction where the summary language accurately conveys the information required under the statute.[7]

We next address the issue of whether the use of summary language in the reports deprives the driver of due process.[8]

*Metcalf* and cases following it have consistently held that a sworn (or certified) report is a jurisdictional prerequisite for DOL's initiation of revocation proceedings. In *Metcalf*, this court rejected the argument that RCW 46.20.308 is a mere notice statute. 11 Wn. App. at 820. However, *Metcalf* was concerned with the portion of the statute requiring reports to be sworn[9] and only held that the requirement of a "sworn report" is jurisdictional. 11 Wn. App. at 822. The focus of a jurisdictional inquiry under *Metcalf* and subsequent cases is the existence of a sworn report, not the contents of that report.

---

[7]This holding is consistent with *Johnson v. Department of Licensing*, 71 Wn. App. 326, 858 P.2d 1112 (1993). In *Johnson*, DOL's jurisdiction to revoke a driver's license was challenged on the same basis as that involved here. The *Johnson* court also rejected this argument. It reasoned that the statement in the officer's report that the driver " 'was informed of the consequences of refusal, and rights under RCW 46.20.308[']" was sufficient because the "consequences" and "rights" found in RCW 46.20.308 contain the information that refusal results in revocation. 71 Wn. App. at 333.

[8]Although the parties have focused their arguments on the jurisdictional issue in these cases and we find that issue dispositive, we also analyze the due process considerations raised in these cases in response to other arguments made by the parties.

[9]The *Metcalf* court reasoned that an unsworn report was not sufficient to support jurisdiction because to hold otherwise would permit a driver's license to be revoked on the basis of unsworn allegations. It further reasoned that because the report is not relevant in subsequent proceedings, the statutory requirement that reports be sworn would be rendered superfluous if the requirement were not construed as a jurisdictional prerequisite. 11 Wn. App. at 822.

██ The cases that have addressed the issue of a deficiency in the content of the report have held that a technical deficiency is irrelevant where the arresting officer testifies as to the circumstances of the refusal to take a breath test. *See Post*, 9 Wn. App. at 882-83; *Waid*, 43 Wn. App. at 36. Neither of these cases, however, squarely addresses the issue of whether a deficiency in a report raises due process concerns. The suspension or revocation of a driver's license for statutorily defined cause implicates a protectible property interest, and the State may not deprive a person of his or her license without satisfying the requirements of due process. *Gibson v. Department of Licensing*, 54 Wn. App. 188, 194, 773 P.2d 110, *review denied*, 113 Wn.2d 1020 (1989). Due process requires that a driver be given notice and a meaningful opportunity to be heard to protect against an erroneous deprivation of his or her license. 54 Wn. App. at 194.

██ There is no allegation in these cases that the drivers did not receive notice or an opportunity to be heard or that the drivers did not receive the warning that refusal to submit to a breath test would result in revocation or denial of their licenses. Further, in the cases where the revocation was sustained, the arresting officer testified at trial,[10] and all elements required under RCW 46.20.308 to revoke a license based on refusal to submit to a breath test were established and reviewed de novo. Because an officer's report cannot be used to establish substantive facts and all elements required to revoke or deny a driver's license must be established and reviewed de novo, there is no danger that a driver will be denied an opportunity to challenge a contention that he or she received adequate implied consent warnings.[11] Thus, the risk of an erroneous deprivation of a driver's license based on

---

[10]There was no trial in the Mitchell case because the Superior Court dismissed the case before trial.

[11]We reject the drivers' contention that the fact that a driver does not get a chance to challenge the accuracy of a report until the de novo hearing before the superior court presents an issue. Because the only function of the report is to initiate the license revocation process, its contents have no due process or evidentiary implications for the driver.

a report that sets forth the implied consent warning in summary fashion is virtually nonexistent.

Furthermore, the purpose of the sworn reports is not to provide notice to the driver; rather, it is to inform DOL that the officer has complied with the statutory requirements of RCW 46.20.308(2).[12] DOL then gives notice to the driver pursuant to RCW 46.20.308(7) by sending a notice in writing informing the driver of "its decision and the grounds therefor, and of the person's right to a hearing, specifying the steps he or she must take to obtain a hearing." The wording of the reports submitted to DOL in these cases was sufficient to inform DOL that the officers had complied with RCW 46.20.308(2).[13]

We conclude that a technical or minor variation in language that accomplishes the same end as the language set forth in RCW 46.20.308 (to inform DOL that the arresting officer complied with the requirements of the statute) neither deprives DOL of jurisdiction to initiate proceedings nor does it violate the due process rights of the driver who is the subject of a revocation proceeding. Accordingly, we affirm the trial court order in Broom, Aichlmayr and Matuszewski.[14] We

---

[12]RCW 46.20.308(2) provides in pertinent part that the "officer shall warn the driver that . . . his or her privilege to drive will be revoked or denied if he or she refuses to submit to the test".

[13]Matuszewski argues that the issue here is akin to that raised in cases involving the sufficiency of criminal charges and holding that all essential elements of an alleged crime must be included in the charging document. The two situations, however, are quite distinct in that the challenged document serves a different function. All essential elements of a crime must be included in a charging document in order to afford the accused notice of the nature of the allegations so that a defense can be properly prepared. *State v. Kjorsvik*, 117 Wn.2d 93, 101-02, 812 P.2d 86 (1991). As noted above, the purpose of the report submitted by an arresting officer is to inform DOL that he or she has complied with the statutory requirements of RCW 46.20.308(2), not to provide notice to the driver. Furthermore, we reject this analogy because a license revocation is not a criminal proceeding to which the *Kjorsvik* analysis even applies.

[14]Matuszewski also assigns error to the award of $125 in statutory attorney fees to DOL in his case. The trial court awarded attorney fees pursuant to RCW 4.84.010(6) and RCW 4.84.080(1). Although Matuszewski raises this issue in his assignments of error, the issue is not briefed and no authority is given to support

reverse the trial court order in Mitchell and remand that case for trial.

WEBSTER, C.J., and KENNEDY, J., concur.

---

his position. The award of statutory attorney fees is reviewed for abuse of discretion. *Bill of Rights Legal Found. v. The Evergreen State College*, 44 Wn. App. 690, 696, 723 P.2d 483 (1986). Absent a showing that the trial court abused its discretion in making this award, we uphold the award of attorney fees in Matuszewski.