33 P.3d 94 (2001)
108 Wash.App. 815
STATE of Washington, DEPARTMENT OF LICENSING, Appellant/Cross-Respondent,
v.
Sukhjiwan GREWAL, Respondent/Cross-Appellant.
Nos. 47106-6-I, 47374-3-I.
Court of Appeals of Washington, Division 1.
October 22, 2001.
*95 Patricia Lee Allen, Bellingham, for Appellant.
Howard Stanton Stein, Bellevue, for Respondent.
WEBSTER, J.
When the results of a breath test confirm that a driver's blood alcohol content is in violation of the law, police officers are required to send a sworn report to the Department of Licensing. Upon receipt of this report, the Department revokes the driver's license. In this case, the trial court reversed the Department's license revocation, concluding that the Department did not have jurisdiction to initiate license revocation proceedings because the sworn report submitted by the arresting police officer did not state that the breath test was a "lawful" test or that the BAC Verifier Datamaster was the testing instrument used. Because the statute does not require the sworn report to contain this information, we reverse.

FACTS
In the early hours of the morning in November of 1999, a few weeks before Sukhjiwan Grewal's 21st birthday, a State trooper stopped him for speeding on Interstate-5, near Bellingham. The trooper suspected that Grewal was intoxicated and arrested him for driving under the influence and being under the age of 21, a misdemeanor. After transporting him to the Whatcom County jail, the trooper gave Grewal the required implied consent warnings for breath, which included informing him that he had the right to refuse a breath test and warning him of the consequences of doing so.
Grewal submitted to the breath test and the results were 0.052 and 0.055. The trooper completed a sworn report containing the test results and sent it to the Department of Licensing.
Upon receipt of the report, the Department began proceedings to revoke Grewal's driver's license. Grewal requested an administrative hearing, at which the license revocation was affirmed. Grewal appealed to Whatcom County Superior Court. The trial court reversed the license revocation, agreeing with Grewal's position that the sworn report was insufficient to confer jurisdiction on the Department because it did not specify the testing instrument used or assert that the test was "lawful".

SUFFICIENCY OF THE SWORN REPORT
RCW ch 46.20 governs drivers' license revocations. Within this chapter, the implied consent statute, RCW 46.20.308(1), provides that a person who drives in Washington is deemed to have consented to a test to determine the alcohol content of his or her blood or breath if arrested for suspicion of driving under the influence. Under the statute, if the breath test results indicate that the driver's alcohol concentration is 0.08 or more, or the driver is under 21 and the driver's alcohol concentration is 0.02 or more, the arresting officer is directed to submit a sworn report to the Department of Licensing within 72 hours.[1]
The statute also sets out specifications for the sworn report. The report must state:
(i) That the officer had reasonable grounds to believe the arrested person had been *96 driving or was in actual physical control of a motor vehicle within this state while under the influence of intoxicating liquor or drugs, or both, or was under the age of twenty-one years and had been driving or was in actual physical control of a motor vehicle while having an alcohol concentration in violation of RCW 46.61.503;
(ii) That after receipt of the warnings required by subsection (2) of this section the person refused to submit to a test of his or her blood or breath, or a test was administered and the results indicated that the alcohol concentration of the person's breath or blood was 0.08 or more if the person is age twenty-one or over, or was in violation of RCW 46.61.502, 46.61.503, or 46.61.504 if the person is under the age of twenty-one; and
(iii) Any other information that the director may require by rule.[2]
Upon receipt of the sworn report, the Department suspends the driver's license and affords the driver the opportunity to request a hearing to contest revocation.[3]
In reviewing a license revocation decision, this court stands in the same position as the trial court.[4]
Here, the arresting officer submitted a standard form sworn report which stated that "a test was administered" and reported the results of Grewal's breath tests.[5] In its appeal, the Department challenges the trial court's conclusion that the sworn report must specify the testing method that was used.
Receipt of the sworn report from the arresting officer is the jurisdictional prerequisite to the Department of Licensing's power to institute license revocation proceedings.[6] A technical deficiency in the officer's report does not deprive the Department of jurisdiction to proceed.[7] As this court stated in Broom v. Department of Licensing:
[I]t is the existence of a certified report, not its contents, that confers jurisdiction on DOL and ... the use of summary language in a report is adequate, so long as it sets forth the information required by RCW 46.20.308(6). In holding that the contents of a report are not the basis of DOL's jurisdiction, we do not suggest that a report containing a significant variation from or an omission of the information required under RCW 46.20.308(6) would be adequate to confer jurisdiction. We hold only that the use of summary language will not defeat jurisdiction where the summary language accurately conveys the information required under the statute.[8]
Grewal argues that the omission in the sworn report of the type of test administered is a "significant variation or an omission of the information required under 46.20.308(6)" and thus, deprived the Department of jurisdiction to revoke his license.[9] The statute does not support this argument. RCW 46.20.308(6), as quoted above, provides explicit requirements for what the sworn report must contain. With respect to the breath test, the statute requires the report to state that a "test was administered" which is exactly the language in the standard form sworn report used here.[10]
Ignoring this clear provision, Grewal points to separate RCW and WAC provisions under which he argues that the Datamaster is the only instrument which may be used to establish blood alcohol content for evidentiary purposes in a criminal or civil proceeding.[11] Assuming this to be true, these provisions still do not implicate the *97 required contents of a sworn report. Grewal notes that the implied consent statute refers to RCW 46.61.506, the statute permitting the State Toxicologist to designate proper methods for blood and breath analysis. But this reference merely confirms that the blood alcohol test itself must comply with RCW 46.61.506; it does not relate to the content of sworn reports. Grewal does not allege here or below that some testing instrument other than the Datamaster was used.
Grewal generally asserts that all of these provisions must be read together, and that the sworn report requirements should be interpreted to incorporate the specification of the testing method used. But the statute is clear on its face, and we decline the invitation to add additional requirements to the statute.[12] Grewal also points to a change in the standard form used by the police departments, alleging that the former sworn report used the term "lawful test". However, it is the statute's requirements that we are concerned with here.
Because the sworn report contained the information required by the statute, we reverse the trial court and reinstate the Department's license revocation.

SUFFICIENCY OF IMPLIED CONSENT WARNINGS
In a consolidated appeal, Grewal challenges the implied consent warnings he received before submitting to the breath test.
In addition to the warnings required by the implied consent statute, Grewal was informed that he was arrested for RCW 46.61.503, "[b]eing under 21 years of age and driving or being in actual physical control of a motor vehicle after consuming alcohol".[13]
He was not informed that violation of this provision required proof that his blood alcohol concentration was more than 0.02, but less than 0.08.[14]
The implied consent statute mandates specific warnings. RCW 46.20.308(2) requires the officer to "inform the person of his or her right to refuse the breath or blood test," and of his or her right to have additional tests. The officer also must warn the driver that driving privileges will be revoked if the driver refuses to take the test or if the test shows an illegal concentration of alcohol and warn the driver that the State may use refusal of the test as evidence in a criminal trial.[15] One of the statute's purposes is to provide the driver with the "opportunity to make a knowing and intelligent decision whether to submit to an evidentiary breath test."[16] The result of a breath test must be suppressed if (1) the inaccurate warning deprives the driver of the opportunity to make a knowing and intelligent decision[17], and (2) the driver demonstrates that he was actually prejudiced by the inaccurate warning.[18]
Grewal argues that the implied consent warnings he received were inaccurate and misleading and prejudiced his ability to make an informed decision about whether to submit to a breath test. He asserts that the warning as given led him to believe that he was guilty of the offense if the breath test result indicated any quantum of alcohol in his system.
Grewal provides no authority for the proposition that informing a DUI suspect of the RCW section and description of the offense he was arrested for renders the implied consent warnings inaccurate or misleading.
*98 Grewal was provided with a description of the offense derived directly from the statute. He cites no cases which suggest that it is misleading to inform a suspect of the offense they are arrested for, unless they are also informed of the elements of that offense. We conclude that the information provided to Grewal: that he was under arrest for violating RCW 46.61.503, being under 21 and driving or being in actual physical control of a motor vehicle after consuming alcohol, was not inaccurate or misleading.
Moreover, even if the warnings were inaccurate or misleading, Grewal cannot demonstrate that he was prejudiced.[19] He asserts that it is "obvious" that the misleading warning prejudiced his ability to make an informed decision, but does not explain how his decision was affected. Since he chose to submit to the test while under the impression that he would be guilty of the offense if there was any amount of alcohol in his system, it is difficult to imagine how knowledge that the alcohol concentration had to be between 0.02 and 0.08 would have influenced him to make a different choice.
We reverse.
BAKER, J., and COX, J., concur.
NOTES
[1] RCW 46.20.308(6)(e).
[2] RCW 46.20.308(6)(e) (i-iii)
[3] RCW 46.20.308(7).
[4] Walk v. Department of Licensing, 95 Wash.App. 653, 656, 976 P.2d 185 (1999).
[5] CP 48.
[6] Broom v. Department of Licensing, 72 Wash. App. 498, 502, 865 P.2d 28 (1994); Martinez v. Department of Licensing, 70 Wash.App. 398, 401, 70 Wash.App. 398, 854 P.2d 43 (1993); Binckley v. Department of Motor Vehicles, 16 Wash.App. 398, 400, 556 P.2d 561 (1976).
[7] Broom, 72 Wash.App. at 503, 865 P.2d 28.
[8] Broom, 72 Wash.App. at 503-04, 865 P.2d 28.
[9] Broom, 72 Wash.App. at 504, 865 P.2d 28.
[10] RCW 46.20.308(6)(e)(ii); CP 48.
[11] See 46.61.506; WAC 448.13.020.
[12] See State v. J.M., 144 Wash.2d 472, 28 P.3d 720, 724 (2001) ("A statute that is clear on its face is not subject to judicial construction."); see also State v. McNichols, 128 Wash.2d 242, 249, 906 P.2d 329 (1995) (the court may not graft onto the implied consent statute additional warnings not contained in the statute's plain language).
[13] CP 54.
[14] RCW 46.61.503(1)(b).
[15] RCW 46.20.308(2)(a), (b), and (c).
[16] State v. Whitman County District Court, 105 Wash.2d 278, 282, 714 P.2d 1183 (1986). See also State v. Trevino, 127 Wash.2d 735, 747, 903 P.2d 447 (1995).
[17] Gonzales v. Department of Licensing, 112 Wash.2d 890, 898, 774 P.2d 1187 (1989).
[18] State v. Storhoff, 133 Wash.2d 523, 531-32, 946 P.2d 783 (1997); State v. Bartels, 112 Wash.2d 882, 889-90, 774 P.2d 1183 (1989); Gonzales, 112 Wash.2d at 901, 774 P.2d 1187.
[19] See Gonzales, 112 Wash.2d at 901, 774 P.2d 1187 (where the arresting officer gave all the required implied consent warnings, but they contained additional language which, under certain circumstances was inaccurate, the driver must demonstrate that he was actually prejudiced by the inaccurate warnings).