[No. 37456-7-I.   Division One.   July 28, 1997.]

THE CITY OF BELLEVUE, *Respondent*, v. ANDREW MOFFITT, *Petitioner*.

---

*Douglas L. Cowan, Jr.*, and *Cowan, Hayne & Fox*, for petitioner.

*Richard L. Andrews, City Attorney*, and *Jerome Y. Roache* and *Susan R. Irwin, Assistants*, for respondent.

BECKER, J. — The appellant, convicted of driving while intoxicated, argues the implied consent warnings he was given were defective. We conclude the warnings, which tracked the pertinent statutory language, were neither inaccurate nor misleading.

In 1993 Andrew Moffitt was arrested for DWI. The arresting officer took Moffitt to the Bellevue Police Station for a breath test and gave him the implied consent warnings. Among the warnings, the officer told Moffitt that he had a right to additional tests "as provided in RCW 46.61.506." The officer also gave Moffitt a copy of that statute and read it aloud to him.[1]

Moffitt moved to suppress the breath test results, claiming the implied consent warning was improper, inaccurate and misleading because it referred to the statute. The district court denied his motion. In a 1994 stipulated trial, the district court found Moffitt guilty of DWI. Moffitt appealed to the King County Superior Court, which affirmed his conviction. This court granted Moffitt's motion for discretionary review.

■ The validity of implied consent warnings is a question of law. We review it de novo.

Any person who operates a motor vehicle in Washington is deemed to have given consent to a test of his or her breath or blood to determine alcohol concentration.[2] That consent can be withdrawn before submitting to a test, on pain of forfeiting driving privileges. Before conducting a blood or breath test, a police officer must advise a DWI suspect of certain rights so that the driver can make an informed decision whether to submit to the test. Among other things, the officer must say: "if you take the breath or blood test, you have the right to additional tests administered by any qualified person of your own choos-

---

[1]The implied consent statute, RCW 46.20.308, was amended in 1994. The City of Bellevue represents that it now gives the warnings as set forth in the amended statute rather than the warnings given in this case.

[2]RCW 46.20.308.

ing."[3] It is reversible error if the officer modifies this warning by telling the arrestee the additional tests are "at your own expense."[4]

Moffitt contends *State v. Bartels* sets forth a bright-line rule, and any deviation from the rule requires suppression of the test results. That argument was rejected in *Town of Clyde Hill v. Rodriguez*.[5] The officers of Clyde Hill informed the defendants they had the right to "one or more" tests rather than "additional" tests as stated in *Bartels* and RCW 46.20.308; and the officers did not preface the advisement with the language "if you take the breath or blood test" as written in *Bartels*.[6] Defendants argued the advice they received was confusing as to what type of tests they could take. The district court, agreeing, granted defendants' motions to suppress because the warning did not conform to the precise language of either RCW 46.61.506(5) or *Bartels*. The State appealed. The defendants argued *Bartels* set forth a bright line rule requiring the exact words to be used in a warning. They also argued the warning they received was invalid because it failed to refer to RCW 46.61.506. This court rejected both arguments, and reversed the suppression order. The court held a simple reference to one or more tests sufficiently informs the suspect that he may inquire further.[7]

The *Rodriguez* court was concerned about confusing intoxicated persons by statutory references, but recognized that Bellevue's policy of supplying arrestees with a copy of RCW 46.61.506 was more meaningful than merely citing the statute.[8] *Rodriguez* suggests it is a "better approach" to wait for the arrestee to ask for more detailed

---

[3]*State v. Bartels*, 112 Wn.2d 882, 886, 774 P.2d 1183 (1989).

[4]*Bartels*, 112 Wn.2d at 888.

[5]*Town of Clyde Hill v. Rodriguez*, 65 Wn. App. 778, 831 P.2d 149 (1992).

[6]*Compare Bartels*, 112 Wn.2d at 886, *with Rodriguez*, 65 Wn. App. at 779.

[7]*Rodriguez*, 65 Wn. App. at 784 n.4.

[8]*Rodriguez*, 65 Wn. App. at 787 n.7.

information, but does not hold it is error to supply the additional information even when it is not requested.

■ Under *Rodriguez*, the significant inquiry is whether the police supplied the arrestee with information that was not inaccurate or misleading. Warnings which are inaccurate or misleading "contravene the purpose of the implied consent warning and thus require suppression of the test results. . . Where no different meaning is implied or conveyed, the defendant is not misled."[9]

Moffitt contends the officer's reference to RCW 46.61.506 misleadingly suggested a limitation on the tests allowed because subsections three and four of the statute refer only to breath tests and blood tests, but not urine tests. But subsection five, addressing the arrestee's right to additional tests, clearly states a person may have one or more tests administered by a qualified person of his or her own choosing, in addition to *any* test administered by an officer. And subsection five provides, in part, "The foregoing provisions of this section shall not be construed as limiting the introduction of any other competent evidence bearing upon the question whether the person was under the influence of intoxicating liquor or any drug." The statute cannot reasonably be read as a limitation on the tests available.

■ The warning Moffitt received does not track the language of *Bartels* verbatim, but it does track the language of RCW 46.20.308: "The officer shall inform the person of his or her right to . . . have additional tests administered by any qualified person of his or her choosing as provided in RCW 46.61.506." The reference to RCW 46.61.506 is not inaccurate—it is indeed the statute controlling the right to additional tests used to impeach a test conducted at the direction of the police. The arrestee gets the benefit of the exact words of the statute. This information may be boring or meaningless to a DWI arrestee under the circumstances, but it is neither inaccurate nor misleading. Moffitt's argument fails under *Rodriguez*.

---

[9]*Rodriguez*, 65 Wn. App. at 785.

We agree it is important to retain statewide consistency in the implied consent warnings. Police are "not free to graft onto the implied consent statute any additional warnings not contained in the plain language of that statute."[10] But the necessary consistency is not thwarted if some officers provide suspects a copy of the statute and others do not. We hold, consistent with *Rodriguez*, that reading RCW 49.61.506 and providing a copy to an arrestee is neither required nor prohibited.

Affirmed.

KENNEDY, A.C.J., and COLEMAN, J., concur.

Review denied at 134 Wn.2d 1001 (1998).

---

[10]*State v. Bostrom,* 127 Wn.2d 580, 587, 902 P.2d 157 (1995).