# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 72260-3-I |
| | ) | |
| Petitioner, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| DARREN J. ROBISON, | ) | |
| | ) | |
| Respondent. | ) | FILED: February 16, 2016 |
| | ) | |

LEACH, J. — Before an officer gives a breath test to a person reasonably believed to be driving under the influence, an officer must provide that driver with certain warnings required by statute. Here, the State asks this court to reverse a superior court decision suppressing breath test results because the officer omitted the statutorily required warnings about marijuana. The State contends that a defendant must show prejudice before a court can suppress breath test results because of incomplete warnings. Thus, because the breath test administered to Darren J. Robison could not measure the active ingredient in marijuana, tetrahydrocannabinol (THC), the State claims that he cannot show that the officer's omission prejudiced him. Because the applicable statute required the marijuana warning and Robison was not required to show prejudice caused by its omission, we affirm the superior court.

FACTS

On June 29, 2013, Washington State Patrol Trooper B.S. Hyatt stopped Darren J. Robison for traffic violations. Trooper Hyatt smelled intoxicants and marijuana. Trooper Hyatt asked how long it had been since Robison had smoked marijuana. Robison responded that it had been a couple of hours. Trooper Hyatt arrested Robison. At the Tulalip Police Department, officers read Robison an "Implied Consent Warning for Breath" form, which Robison stated he understood and signed. The form included warnings only about alcohol and did not include any marijuana-related warnings. The two breath tests given Robison both produced results over the legal limit.

The State charged Robison with driving under the influence. Robison asked the district court to suppress evidence based on an illegal stop and to suppress the breath test because Robison did not receive all required implied consent warnings. The district court denied the motion. It concluded that Trooper Hyatt had probable cause to stop Robison. The district court also took judicial notice that the breath test used cannot detect THC. It noted that Trooper Hyatt's warning specified that the purpose of the test was to determine the alcohol concentration in Robison's breath. The district court decided that the implied consent warnings given accurately informed Robison of the consequences of the breath tests, which "were all the warnings that were legally

required on the date of violation given the decision facing the defendant." The district court found Robison guilty but stayed his sentence pending his appeal.

Robison appealed to the superior court. The superior court reversed the district court. It found that the marijuana-related warnings were a significant part of the required implied consent warnings and the failure to give these warnings under the circumstances made the warnings given incomplete and misleading. The superior court suppressed the test results and remanded the case to the district court for further proceedings consistent with its decision.

This court granted the State's request for discretionary review of the superior court's decision.

## STANDARD OF REVIEW

We review de novo a superior court's legal conclusions about suppression of evidence.[1] We also review de novo the legal sufficiency of implied consent warnings.[2]

## ANALYSIS

The State contends that a court measures the sufficiency of statutorily required implied consent warnings by deciding if, based on a case's circumstances, the warnings given allow the recipient to knowingly and intelligently decide whether to take a breath test. The State claims this means an

---

[1] State v. Chacon Arreola, 176 Wn.2d 284, 291, 290 P.3d 983 (2012).
[2] State v. Morales, 173 Wn.2d 560, 567, 269 P.3d 263 (2012).

officer has discretion to tailor the warnings by omitting language he decides is "irrelevant." It also means that the warning recipient must show prejudice before a court can suppress test results. We disagree because we cannot ignore the plain language of a statute adopted by Washington voters.

We begin our analysis by reviewing the general framework of Washington's implied consent statute. We then look at the language of the applicable statute, RCW 46.20.308, in effect at the time of Robison's arrest.

Before giving a breath test to a person reasonably believed to be driving under the influence, an officer must provide that person with certain warnings required by statute. Specifically, an officer must inform the driver of his right to refuse the test or to have additional tests done.[3] The officer's warning must also state that refusal to take the test will result in license revocation, that the refusal may be used at a criminal trial, and that the driver may be eligible for an ignition interlock license.[4] Pertinent to this case, the officer must also warn about the consequences of certain test results. This warning has changed several times in recent years.

On November 6, 2012, Washington voters enacted Initiative 502, legalizing some uses of marijuana.[5] This initiative also amended the test result

---

[3] RCW 46.20.308(2).
[4] RCW 46.20.308(2)(a), (b), (d).
[5] LAWS OF 2013, ch. 3 (effective Dec. 6, 2012).

warning in former RCW 46.20.308(2) by adding a warning about marijuana test results:

> The officer shall warn the driver, in substantially the following language, that:
>
> . . . .
>
> (c)    If the driver submits to the test and the test is administered, the driver's license, permit, or privilege to drive will be suspended, revoked, or denied for at least ninety days if:
>
> (i)    The driver is age twenty-one or over and the test indicates either that the alcohol concentration of the driver's breath or blood is 0.08 or more <u>or that the THC concentration of the driver's blood is 5.00 or more</u>.[6]

The legislature again amended RCW 46.20.308, effective September 28, 2013, to omit the language "or blood" from the quoted section as well as other references to implied consent for a blood test.[7]  Later, the legislature again amended this statute, effective September 26, 2015, to eliminate a driver's implied consent to a test for THC or any other drug and the warning language at issue in this case, "or that the THC concentration of the driver's blood is 5.00 or more."[8]

Before giving Robison the challenged breath tests, Trooper Hyatt read to Robison an "Implied Consent Warning for Breath" form.  It provided the following warnings about test results:

---

[6] LAWS OF 2013, ch. 3, § 31.
[7] LAWS OF 2013, 2d Spec. Sess., ch. 35, § 36.
[8] RCW 46.20.308(2)(c)(i).

FURTHER, YOU ARE NOW BEING ASKED TO SUBMIT TO A TEST OF YOUR BREATH WHICH CONSISTS OF TWO SEPARATE SAMPLES OF YOUR BREATH, TAKEN INDEPENDENTLY, TO DETERMINE ALCOHOL CONCENTRATION.

. . . .

2.    YOU ARE FURTHER ADVISED THAT IF YOU SUBMIT TO THIS BREATH TEST, AND THE TEST IS ADMINISTERED, YOUR DRIVER'S LICENSE, PERMIT, OR PRIVILEGE TO DRIVE WILL BE SUSPENDED, REVOKED, OR DENIED BY THE DEPARTMENT OF LICENSING FOR AT LEAST NINETY DAYS IF YOU ARE:

(A)    AGE TWENTY-ONE OR OVER AND THE TEST INDICATES THE ALCOHOL CONCENTRATION OF YOUR BREATH IS 0.08 OR MORE, OR YOU ARE IN VIOLATION OF RCW 46.61.502, DRIVING UNDER THE INFLUENCE, OR RCW 46.61.504, PHYSICAL CONTROL OF A VEHICLE UNDER THE INFLUENCE.

Thus, Trooper Hyatt warned Robison about the consequences of test results showing a certain level of alcohol concentration in his breath, but not the consequences of results showing a prohibited level of THC concentration in his blood. The superior court suppressed the test results because of this omission.

The State asks this court to reverse the superior court, claiming that an officer has discretion to omit "irrelevant" information from implied consent warnings and that defendant must show prejudice before a court can suppress breath test results because of incomplete warnings. The State reasons that because the breath test administered to Robison could not measure THC levels,

the THC warning was irrelevant and he cannot show prejudice caused by Trooper Hyatt's omission of the warnings about THC test result consequences. Robison responds that the statute's plain language says that an officer "shall warn" the accused, leaving Trooper Hyatt without discretion to omit any part of the statutory warning. He further responds that he does not have to show prejudice.

When interpreting a statute, this court has the primary goal of carrying out legislative intent.[9] When the language of a statute is unambiguous, this court may not change the statute's plain meaning by construction.[10] Following this rule, Washington cases have "consistently required strict adherence to the plain language of the implied consent statute."[11] Two Supreme Court cases show this history.

In State v. Whitman County District Court,[12] officers warned accused drivers that a refusal to submit to a breath test "shall" be used against them at trial instead of the statutory language "may." The Supreme Court affirmed the district court's suppression of the breath test results. The court stated that the implied consent statute used the word "may" and the statute was "worded in the mandatory sense." This meant that "the officer had no discretion with regard to

---

[9] City of Seattle v. St. John, 166 Wn.2d 941, 945, 215 P.3d 194 (2009).
[10] State v. Bostrom, 127 Wn.2d 580, 586-87, 902 P.2d 157 (1995).
[11] Bostrom, 127 Wn.2d at 587.
[12] 105 Wn.2d 278, 714 P.2d 1183 (1986).

the wording he used to warn the accused."[13] The court also noted that the word "shall" conveyed a different meaning than the word "may" and had a "more coercive impact."[14]

In State v. Bostrom,[15] the Supreme Court reviewed consolidated district court cases in which the district court suppressed breath test results of drivers who took the test and evidence of refusal by drivers who did not. Each driver received all the warnings required by the implied consent statute. The drivers who refused to take the test claimed that they also should have been warned that they risked enhanced penalties if convicted of driving while intoxicated. The district court agreed. The Supreme Court reversed, holding that the additional warning was not required and noting that the statutory warning sufficiently alerted drivers that a refusal could be used at any phase of a criminal trial.[16]

The drivers who took the test claimed that the officers' failure to warn them about new administrative consequences of certain test results deprived the drivers of the opportunity to make an informed decision about taking the test. Again, the district court agreed, and the Supreme Court did not.[17] The Supreme

---

[13] Whitman, 105 Wn.2d at 285.
[14] Whitman, 105 Wn.2d at 285-86.
[15] 127 Wn.2d 580, 902 P.2d 157 (1995).
[16] Bostrom, 127 Wn.2d at 586.
[17] Bostrom, 127 Wn.2d at 586-87.

Court's reasons for reversing the district court bear directly on the State's position in this case.

The drivers supported their position with the Supreme Court's observation in Whitman[18] and Gonzales v. Department of Licensing[19] that the legislature intended the implied consent statute to provide drivers with an opportunity to make an informed decision about taking a breath test.[20] The court stated that this observation did not mean that this purpose "was a requirement which overrode the plain language of the statute."[21] It then stated the applicable rule of statutory construction: "When the language of a statute is unambiguous, courts may not alter the statute's plain meaning by construction."[22] The court noted that consistent with this rule, "Washington case law has consistently required strict adherence to the plain language of the implied consent statute."[23]

Significantly, the Bostrom opinion expressly disapproves of any suggestion that Washington courts will approve warnings in language other than that stated in the statute because the statutory language denies an arrested

---

[18] Whitman, 105 Wn.2d at 281.
[19] 112 Wn.2d 890, 897, 774 P.2d 1187 (1989).
[20] Bostrom, 127 Wn.2d at 586.
[21] Bostrom, 127 Wn.2d at 586.
[22] Bostrom, 127 Wn.2d at 586-87.
[23] Bostrom, 127 Wn.2d at 587.

driver the opportunity to exercise an intelligent judgment.[24] When considering the State's arguments against suppression, we must follow <u>Bostrom</u>.

<u>Officer Discretion To Modify Statutory Warning</u>

We first address the State's claim that an officer has discretion to omit from an implied consent warning a part of the statutory language that he decides is irrelevant in a particular case. The State relies exclusively on <u>State v. Richardson</u>[25] to support this claim. It does not.

In <u>Richardson</u>, the court considered if the implied consent statute required that an arresting officer advise a driver not only "of his right to have additional tests administered by a qualified person of his own choosing, but also that he advise that such a person may be a physician, qualified technician, chemist or registered nurse."[26] Although the statute did not require the second warning, the drivers claimed they needed it to understand their rights. The court held sufficient a warning in the language of the statute. The case did not involve any claim that an officer can omit from a warning language the statute required. It provides no support for the State's position.

The State's briefing does not address our Supreme Court's statement in <u>Whitman</u> that the mandatory language of the implied consent statute meant "the

---

[24] <u>Bostrom</u>, 127 Wn.2d at 587.
[25] 81 Wn.2d 111, 112, 499 P.2d 1264 (1972).
[26] <u>Richardson</u>, 81 Wn.2d at 112.

officer had no discretion with regard to the wording he used to warn the accused."[27] We must heed this observation. Additionally, the State cites no case where a Washington appellate court has accepted the proposition that an arresting officer has discretion to edit implied consent warnings as he deems appropriate to the facts of a case.

Finally, as we noted earlier, in 2015 the legislature deleted from the statutory warning the reference to THC concentration. The legislature engaged in a meaningless amendment of the statute if an officer was not required to include this reference before the amendment. Our decision gives meaning to the amendment.

Consequence of Warning Omission

We next consider the State's claim that "[l]egally accurate warnings do not trigger suppression, even if elements or adverse consequences are left out," so long as the warnings given provide the driver with "'an opportunity to knowingly and intelligently decide whether to take an evidentiary breath test.'"[28]

The State claims Bostrom and Grewal v. Department of Licensing[29] support its claim that an officer may omit from implied consent warnings elements of the statutory language or adverse consequences. We disagree.

---

[27] Whitman, 105 Wn.2d at 285.
[28] State v. Koch, 126 Wn. App. 589, 594, 103 P.3d 1280 (2005).
[29] 108 Wn. App. 815, 33 P.3d 94 (2001).

In <u>Bostrom</u>, the court considered claims that an arresting officer must give warnings in addition to those required by the implied consent statute. The court rejected these claims, stating that it was "not free to graft onto the implied consent statute any additional warnings not contained in the plain language of that statute."[30] The court never considered any claim that the arresting officer could omit some part of the statutorily required warning.

In <u>Grewal</u>, the court considered a driver's claim that the arresting officer must include in his warnings a description of the elements of the crime for which he arrested the driver.[31] The officer gave Grewal the implied consent warnings required by statute and informed Grewal that he was arrested for violating RCW 46.61.503, "'[b]eing under 21 years of age and driving or being in actual physical control of a motor vehicle after consuming alcohol.'"[32] Grewal claimed this warning was insufficient because the officer did not also tell Grewal that violation of this provision required proof that his blood alcohol concentration was more than 0.02, but less than 0.08.[33]

This court rejected Grewal's claim. It did not consider, much less decide, if an arresting officer could omit any part of a warning required by the implied consent statute. Once again, the State fails to distinguish between omitted

---

[30] <u>Bostrom</u>, 127 Wn.2d at 587.
[31] <u>Grewal</u>, 108 Wn. App. at 821.
[32] <u>Grewal</u>, 108 Wn. App. at 821 (alteration in original).
[33] <u>Grewal</u>, 108 Wn. App. at 821.

-12-

warnings required by statute and additional warnings not required by the express language of the implied consent statute.

The State also contends that incomplete warnings should result in suppression of breath test results only if the driver can demonstrate it prejudiced him. The State relies on State v. Bartels,[34] State v. Elkins,[35] and Grewal.

In Bartels, the court considered the admissibility of breath tests given after the arresting officer included additional language in the implied consent warning not contained in the statute. The officer told Bartels about his right to an additional test "'at your own expense.'"[36] The court held this additional language improper.[37] It remanded the consolidated cases before it to allow the State to prove if any defendant had the financial ability to obtain an additional test at the time of arrest.[38] Unless the State proved this, the breath tests were to be suppressed.

Thus, the court did not require the drivers receiving improper warnings to prove prejudice. Instead, the State had to prove the improper warning was "'harmless beyond a reasonable doubt.'"[39] Additionally, in each case, the officer

---

[34] 112 Wn. 2d 882, 774 P.2d 1183 (1989).
[35] 152 Wn. App. 871, 220 P.3d 211 (2009).
[36] Bartels, 112 Wn.2d at 884.
[37] Bartels, 112 Wn.2d at 889.
[38] Bartels, 112 Wn.2d at 890.
[39] Bartels, 112 Wn.2d at 890 (quoting Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)).

gave the warning required by statute but added additional language not found in the statute.[40]

Here, the State cannot prove that the incomplete warning was harmless. As the superior court concluded, Robison smelled of marijuana when arrested and admitted smoking marijuana to the arresting officer. Under these circumstances, we cannot conclude beyond a reasonable doubt that Robison would have agreed to take the breath test had he received the THC warning.

In Elkins, the court considered a claim that the trial court should not have admitted evidence of Elkins's refusal to take the breath test because the statutory implied consent warnings did not fully inform her of the consequences of refusing the test. This court disagreed and held the refusal admissible. This court specifically noted that the arresting officer had no authority to add warnings "'not contained in the plain language of the implied consent statute.'"[41] Elkins provides no support for the State's position.

As previously explained, Grewal did not involve an incomplete implied consent warning. It provides no support for the State's position.

The State's position ignores the requirement that it prove the facts required for the admission of a breath test. The Supreme Court has interpreted the implied consent statute to place "squarely on the State the burden of proving"

---

[40] Bartels, 112 Wn.2d at 886-87.
[41] Elkins, 152 Wn. App. at 877 (quoting Koch, 126 Wn. App. at 594).

-14-

implied consent warnings were given before a court admits test results.[42] The defendant has no obligation to present evidence or show prejudice.[43]

Because the State cannot show that an officer gave Robison all the statutorily required warnings, it cannot establish the foundation required for admission of the breath tests given to him. While cases have characterized this result as suppression, when the State cannot show that it complied with the implied consent statute, the State has failed to meet its burden of proof for admission of evidence it offers to prove guilt. The defendant does not have to show prejudice in this circumstance.

CONCLUSION

RCW 46.20.308 requires that before an officer gives a breath test to a person reasonably believed to be driving under the influence, an officer must provide that driver with certain warnings required by that statute. Here, the State cannot show that an officer gave all the required warnings to Robison.

---

[42] Morales, 173 Wn.2d at 575; see also Whitman, 105 Wn.2d at 283.
[43] Morales, 173 Wn.2d at 575.

Therefore, the superior court correctly decided that the breath tests given to Robison were not admissible as evidence of his guilt. We affirm.

_Leach, J._

WE CONCUR:

_Dwyer, J._                    _Schindler, J._