

FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE

CHIEF JUSTICE

This opinion was filed for record

at 8:00 am on Dec 8, 2016

SUSAN L. CARLSON
SUPREME COURT CLERK

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | No. 92930-1 |
| | ) | |
| v. | ) | |
| | ) | |
| JUDITH E. MURRAY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| STATE OF WASHINGTON, | ) | |
| | ) | |
| Petitioner, | ) | No. 92944-1 |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| DARREN J. ROBISON, | ) | |
| | ) | |
| Respondent. | ) | Filed |
| | ) | |
| | ) | |

GONZÁLEZ, J. — Washington State citizens decriminalized the recreational

use of cannabis by initiative. The main psychoactive compound in cannabis is

tetrahydrocannabinol (THC). The initiative established a legal limit for THC concentration in the blood while driving and amended the implied consent statute to direct officers to warn drivers of the legal consequences of a breath test that revealed that concentration. Unfortunately, no breath test available at the time measured THC concentrations in the blood. Our legislature has since amended the implied consent statute so it no longer requires officers to give a warning that suggests the current breath test will measure something it cannot. Before that amendment, Judith Murray and Darren Robison were given implied consent warnings that conformed to the ability of the breath test but not to the specific language of the statute. We must decide whether the breath test results should be suppressed because the THC warnings were not given. We find that for the breath tests given, the warnings did not omit any relevant part of the statute, accurately expressed the relevant parts of the statute, and were not misleading. Accordingly, the warnings substantially complied with the implied consent statute and the test results were properly admitted. We reverse the Court of Appeals and reinstate Murray's and Robison's convictions.

## FACTS

Robison. Late one night, a state trooper observed Robison speeding through a restaurant parking lot toward a road. The trooper had to hit his brakes to avoid a collision as Robison exited the parking lot. The trooper decided a traffic stop was

in order. The trooper could smell both alcohol and cannabis coming from Robison's car. Robison performed poorly on field sobriety tests and agreed to take a roadside breath test. Based on the results, the officer arrested Robison for suspected driving under the influence (DUI) and took him to a police station.

At the station, the trooper read Robison an implied consent warning from a standard form's that did not mention the new statutory language concerning THC. The form warning did warn Robison that he was subject to having his driver's license suspended, revoked, or denied if the test revealed he was under the influence of alcohol. The written implied consent form Robison signed said, in relevant part:

> FURTHER, YOU ARE NOW BEING ASKED TO SUBMIT TO A TEST OF YOUR BREATH WHICH CONSISTS OF TWO SEPARATE SAMPLES OF YOUR BREATH, TAKEN INDEPENDENTLY, TO DETERMINE ALCOHOL CONCENTRATION.
>
> 1. YOU ARE NOW ADVISED THAT YOU HAVE THE RIGHT TO REFUSE THIS BREATH TEST; AND THAT IF YOU REFUSE:
>
> > (A) YOUR DRIVER'S LICENSE, PERMIT, OR PRIVILEGE TO DRIVE WILL BE REVOKED OR DENIED BY THE DEPARTMENT OF LICENSING FOR AT LEAST ONE YEAR; AND
>
> > (B) YOUR REFUSAL TO SUBMIT TO THIS TEST MAY BE USED IN A CRIMINAL TRIAL.
>
> 2. YOU ARE FURTHER ADVISED THAT IF YOU SUBMIT TO THIS BREATH TEST, AND THE TEST IS ADMINISTERED, YOUR DRIVER'S LICENSE, PERMIT, OR PRIVILEGE TO DRIVE WILL BE

SUSPENDED, REVOKED, OR DENIED BY THE DEPARTMENT OF LICENSING FOR AT LEAST NINETY DAYS IF YOU ARE:

> (A) AGE TWENTY-ONE OR OVER AND THE TEST INDICATES THE ALCOHOL CONCENTRATION OF YOUR BREATH IS 0.08 OR MORE, OR YOU ARE IN VIOLATION OF RCW 46.61.502, DRIVING UNDER THE INFLUENCE, OR RCW 46.61.504, PHYSICAL CONTROL OF A VEHICLE UNDER THE INFLUENCE.

Robison Clerk's Papers at 109.

Robison moved to suppress the results of the breath test, arguing that the implied consent warning was inadequate because it did not mirror the statutory language regarding the consequences of a finding of THC in his blood. The district court commissioner concluded that the warnings "accurately informed the defendant that the result of a breath test would reveal the alcohol concentration of his breath" and that "[i]t would be misleading to advise or imply to the defendant that the breath test could obtain a THC reading." *Id.* at 23-24. Robison was found guilty.

Robison appealed to the superior court, which reversed, concluding the officer had no discretion to leave out a portion of the implied consent warning. The Court of Appeals affirmed. *State v. Robison*, 192 Wn. App. 658, 670-71, 369 P.3d 188 (2016). We granted review.

Murray. Murray was pulled over while driving on Interstate 5 by a state trooper after her car crossed the fog line several times. Murray's eyes were

4

bloodshot and watery, her speech was slurred, her car smelled of intoxicants, and she could not safely complete the field sobriety tests. She told the officer she had had a few drinks and may have told him that she had taken a Xanax[1] earlier. She also told the trooper that she had smoked cannabis earlier in the day for pain. She initially declined a breath test. Believing she was impaired by alcohol and possibly by the Xanax, the officer arrested Murray for suspected DUI. During the inventory search, cannabis was found in her car.

At the Marysville Police Department, the trooper read Murray the implied consent warnings for a breath test from a prepared form. The copy of the form in the record appears to be identical to the one used with Robison. According to the State's superior court brief, the trooper did not read the portions of the written warning regarding people under age, people with commercial drivers' licenses, or people driving commercial vehicles because these warnings were not applicable to Murray. Like in Robison's case, the form (and thus the warning) did not include the then-new statutory language regarding THC and the breath test given to Murray could not test for THC. The breath test showed that the alcohol content in Murray's blood was higher than is permitted to drive. Murray was charged with DUI. The same district court commissioner who denied Robison's motion to

---

[1] "Xanax" is a brand name of a sedative used to treat anxiety and panic disorder. *See Xanax*, DRUGS.COM (Sept. 28, 2016 10:22 AM), https://www.drugs.com/xanax.html [https://perma.cc/S475-M7VT].

suppress the breath test also denied Murray's motion on the grounds that the inoperative THC warning would not have helped her make a knowing, intelligent, and voluntary decision on whether to take the test. Specifically, the commissioner analogized the THC warning to specific statutory warnings concerning underaged drinking and commercial drivers' licenses that are routinely omitted when irrelevant:

> An arresting officer can easily and specifically determine whether a person is under 21 years of age or a commercial driver; that officer can then omit those warnings if they do not apply to a suspect. An arresting officer can just as easily and specifically determine that a defendant being ask [sic] to submit to a breath test is not being asked to take a test that can possibly obtain a THC result; that officer can then, likewise, omit warnings that clearly do not apply to a person being asked to take only a breath test.

Murray Clerk's Papers at 31. Accordingly, the commissioner concluded that "[r]edacting warnings that are irrelevant to the decision before the defendant is permissible." *Id.*

Murray appealed the commissioner's ruling to the superior court, which found the breath test should have been suppressed and reversed. The Court of Appeals affirmed, *State v. Murray*, noted at 192 Wn. App. 1040 (2016), and we granted review and consolidated these two cases. *State v. Murray*, 185 Wn.2d 1033, 377 P.3d 735 (2016).

6

ANALYSIS

The validity of an implied consent warning is an issue of law reviewed de novo. *State v. Morales*, 173 Wn.2d 560, 567, 269 P.3d 263 (2012) (citing *City of Bellevue v. Moffitt*, 87 Wn. App. 144, 146, 940 P.2d 695 (1997)). A driver's implied consent to a breath test for alcohol, and the arresting officer's duty to warn of the potential consequences of the test, have been part of our statutory system for decades. *See* LAWS OF 1969, ch. 1 §§ 1, 3 (Initiative 242; codified in part at RCW 46.20.308). We have previously observed that "[t]he choice to submit to or refuse the test is not a constitutional right, but rather a matter of legislative grace." *State v. Bostrom*, 127 Wn.2d 580, 590, 902 P.2d 157 (1995) (citing *State v. Zwicker*, 105 Wn.2d 228, 242, 713 P.2d 1101 (1986)). Both the legal consequences of driving while intoxicated and the details and exactitude of the warning required by the legislature have changed during that time. *Id.* at 583-85 (surveying history).

Initiative 502, which decriminalized the recreational use of cannabis, also amended the implied consent statute. Former RCW 46.20.308(2) (2013); LAWS OF 2013, ch. 3, § 31 (codifying Initiative 502). In relevant part, the amended implied consent statute said:

> The officer shall warn the driver, in substantially the following language, that:
>
> . . . .
>
> (c) If the driver submits to the test and the test is administered, the driver's license, permit, or privilege to drive will be suspended, revoked, or denied for at least ninety days if:

7

> (i) The driver is age twenty-one or over and the test indicates either that the alcohol concentration of the driver's breath or blood is 0.08 or more *or that the THC concentration of the driver's blood is 5.00 or more.*

LAWS OF 2013, ch. 3, § 31(2) (emphasis added) (formatting omitted).

In 2004, the legislature amended the implied consent statute to direct officers to give warnings "in substantially the following language." LAWS OF 2004, ch. 68, § 2 (codified at RCW 46.20.308(2)). We have not yet had occasion to consider this amendment. Historically, our analysis of the validity of the implied consent warning given to a driver suspected of DUI has been guided by two considerations. First, we have considered whether the warning given "strict[ly] adhere[d] to the plain language of the implied consent statute." *Bostrom*, 127 Wn.2d at 587 (citing *Connolly v. Dep't of Motor Vehicles*, 79 Wn.2d 500, 487 P.2d 1050 (1971)). In *Connolly*, for example, we reversed the Department of Licensing's revocation of a driver's license for refusal to take a breath test because the implied consent warning given did not inform the driver that he had the statutory right to independent testing. 79 Wn.2d at 501, 504. Second, we have considered the accused's "right under the implied consent statute to be afforded the opportunity to make a knowing and intelligent decision whether to submit to an evidentiary breath test." *State v. Whitman County Dist. Court,* 105 Wn.2d 278, 282, 714 P.2d 1183 (1986) (collecting cases).

8

Murray and Robison ask us to hold that since some of the statutory language was omitted, the tests must be suppressed. They rely heavily on our opinion in *Morales*, where we recently found a breath test was improperly admitted. 173 Wn.2d at 578. But substantial compliance with the statutory warning was not before us in *Morales*. Instead, relevantly, we were considering whether the State had met its burden of establishing that the warning was actually read to the defendant. *Id.* at 574-75. Because there was "'[s]omewhat of a language barrier'" between the arresting officer and the defendant, the officer "enlisted the help of an apparently Spanish-speaking hospital employee" to read the warning. *Id.* at 564 (alteration in original). The officer did not speak Spanish, and the employee was not brought in to lay the foundation that the warning was properly given. We held that the officer's testimony alone did not lay an adequate evidentiary foundation and so the tests were erroneously admitted. *Id.* at 576. We had no occasion to consider whether any variance in the statutory language rendered the test inadmissible.

We find no case, and none have been called to our attention, that require officers to read an irrelevant statutory warning to a driver suspected of DUI. Instead, as acknowledged by counsel at oral argument, it has long been the reasonable practice of arresting officers to omit warnings related to underage drinking and commercial drivers' licenses when advising those over 21 or driving

on a noncommercial license. Murray and Robison ask us to treat the omission of the statutory THC warning as reversible error. But they make no effort to show that this type of statutory omission belongs in that category, and it is hard to imagine the legislature intends us to treat it so. The fundamental purpose of statutory interpretation is to ascertain and carry out the intent of the legislature considering the statute as a whole. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). Read as a whole, the legislature has made its intent clear: the arresting officer does not have to perfectly incant the words of the implied consent statute; he or she must simply give the accused a relevant warning in substantially the statutory language. *See* RCW 46.20.308(2). Even before the 2004 amendment, the officer was not required to give irrelevant portions of the statutory implied consent warning.

The substantial compliance doctrine helps illuminate what the statute commands. "'Substantial compliance has been defined as actual compliance in respect to the substance essential to every reasonable objective of [the] statute.'" *Black v. Dep't of Labor & Indus.*, 131 Wn.2d 547, 552, 933 P.2d 1025 (1997) (alteration in original) (quoting *City of Seattle v. Pub. Emp't Relations Comm'n*, 116 Wn.2d 923, 928, 809 P.2d 1377 (1991)). We have long held that the implied consent statute as a whole has three objectives:

> (1) to discourage individuals from driving an automobile while under the influence of intoxicants, (2) to remove the driving privileges from those

individuals disposed to driving while inebriated, and (3) to provide an efficient means of gathering reliable evidence of intoxication or nonintoxication.

*Nowell v. Dep't of Motor Vehicles*, 83 Wn.2d 121, 124, 516 P.2d 205 (1973). Not giving an irrelevant and potentially misleading THC warning does not further those objectives. The implied consent warning itself is there to give the accused "the opportunity to make a knowing and intelligent decision whether to submit to an evidentiary breath test." *Whitman County*, 105 Wn.2d at 282. Omitting the THC warning is consistent with this objective too; being told of the consequences of a result the test does not give does not help a driver make an informed choice.[2]

Taken together, we conclude that an implied consent warning substantially complies with the statute when it (1) does not omit any relevant portion of the statute, (2) accurately expresses the relevant portions of the statute, and (3) is not otherwise misleading. We find the warnings given to Murray and Robison meet this standard. As the district court commissioner noted, the breath test could not ascertain THC levels in the blood. Therefore, the troopers did not omit any *relevant* portion of the statute by not mentioning THC any more than a trooper omits a relevant portion of the statute by failing to warn a 50-year-old of the

---

[2] Of course, we would be in a different situation if in fact the test *did* measure THC concentration in the blood.

11

consequences of underage drinking. The warnings given accurately expressed the

relevant portions of the statute and were not otherwise misleading.


CONCLUSION

We conclude that Murray and Robison both received adequate warnings.

We reverse the Court of Appeals and reinstate the district court's decisions finding

Murray and Robison guilty of DUI.

González, J.

WE CONCUR:

Madsen, C.J.

Stephen, J.

Wiggins, J.

Owens, J.

Gord McCoy, J.

Fairhurst, J.

Yu, J.

13