IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 34069-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JIOVANNY JIMENEZ, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant, | ) | |
| | ) | |
| FERNANDO GONZALEZ- | ) | |
| HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

FEARING, C.J. — This appeal presents the issue of whether the State, when

prosecuting a minor for possession of marijuana, must establish that the marijuana

possessed by the minor contained more than .3 percent tetrahydrocannabinol (THC).

THC refers to a psychotropic cannabinoid and is the principal psychoactive constituent of

the cannabis plant, also known as marijuana. Resolution of the question requires the

juxtaposition of two statutes, RCW 69.50.101 that defines "marijuana" as containing

greater than .3 percent THC, and RCW 69.50.4014 that prohibits minors from possessing

marijuana regardless of the THC concentration. We hold that the State need not present

evidence of the THC concentration and affirm the juvenile court's conviction, for possession of marijuana, of appellant Jiovanny Jimenez.

## FACTS

This prosecution arises from the seizure of marijuana from minor Jiovanny Jimenez's person. At 11:00 p.m. on October 11, 2015, Yakima Police Officer Ryan Davis responded to a complaint about trespassers at a single family dwelling on Fenton Street in Yakima. Officer Davis went through the house and into the residence's backyard where he saw a shed. Officer Davis spotted, adjacent to the shed, appellant Jiovanny Jimenez and a second individual. Jimenez was seventeen years of age. Davis arrested and escorted Jimenez to his patrol vehicle.

Prior to sitting Jiovanny Jimenez in his patrol car, Officer Ryan Davis searched Jimenez incident to arrest for criminal trespass. In Jimenez's front left pant pocket, Officer Davis discovered a clear plastic bag containing green leaves.

Yakima Police Detective Andrew Garcia sent the green leaves, removed from Jiovanny Jimenez's pocket, to the Washington State Patrol Crime Laboratory for analysis. The analysis, conducted by Forensic Scientist Jason Stenzel, PhD, concluded that the seized green material contained THC. Dr. Stenzel's testing did not measure the concentration of THC in the tested sample.

## PROCEDURE

The State of Washington charged Jiovanny Jimenez in juvenile court with possession of marijuana as a minor. The only contested issue at trial was whether the law demanded that the State prove that the cannabis possessed by Jimenez contained greater than .3 percent THC. The State presented testimony from Officer Ryan Davis, Detective Andrew Garcia, and Dr. Jason Stenzel. Dr. Stenzel conceded he did not know the level of THC in the material he tested.

At the close of the State's case, Jiovanny Jimenez moved for dismissal because the State failed to prove the substance Officer Davis removed from his pocket was marijuana. Jimenez argued that, under RCW 69.50.101, the statute that generally defines "marijuana" as exceeding .3 percent THC, the State must prove the THC concentration surpasses .3 percent to prove that a substance is marijuana. The State disagreed. The State discouraged the juvenile court's application of the definition of marijuana found in RCW 69.50.101 because Jimenez was a minor. The State contended that RCW 69.50.4014 prohibits minors from possessing marijuana regardless of the THC concentration.

The juvenile court denied Jiovanny Jimenez's motion to dismiss. The court found Jimenez guilty of possession of marijuana in violation of RCW 69.50.4014 and sentenced him to two days' confinement.

3

## LAW AND ANALYSIS

This case presents the novel issue of whether the State of Washington must prove, in order to establish the crime of minor in possession of marijuana, that the marijuana held a THC concentration above .3 percent. No Washington decision addresses the question. Because of the unique language of Washington's statutes, we cannot rely on foreign decisions.

In the cannabis patient protection act of 2015, the Washington State Legislature added RCW 69.50.4013(4) (renumbered as RCW 69.50.4013(5) per the LAWS OF 2017, ch. 317, § 15), which reads:

> No person under twenty-one years of age may possess, manufacture, sell, or distribute marijuana, marijuana-infused products, or marijuana concentrates, *regardless of THC concentration.*

LAWS OF 2015, ch. 70, § 14 (emphasis added). RCW 69.50.4013 comprises part of Washington's version of the Uniform Controlled Substances Act, chapter 69.50 RCW. RCW 69.50.101 lists definitions for chapter 69.50 RCW. The relevant portion of RCW 69.50.101 reads:

> The definitions in this section apply throughout this chapter unless the context clearly requires otherwise.
>
> . . . .
>
> (v) "Marijuana" or "marihuana" means all parts of the plant *Cannabis*, whether growing or not, with a THC concentration greater than 0.3 percent on a dry weight basis . . . .

Former RCW 69.50.101(v) (2015) (redesignated as RCW 69.50.101(w) per the LAWS OF

4

2017, ch. 317, § 5). The legislature adopted the definition for "marijuana" found in former RCW 69.50.101(v).

Jiovanny Jimenez asks the court to insert RCW 69.50.101's definition of "marijuana" into former RCW 69.50.4013(4), such that the latter statute reads, in part: "No person under twenty-one years of age may possess . . . cannabis with a THC concentration greater than 0.3 percent." We decline this reading.

The court's primary duty in statutory interpretation is to discern and implement the legislature's intent. *Lowy v. PeaceHealth*, 174 Wn.2d 769, 779, 280 P.3d 1078 (2012). In so doing, the court relies on many tested, commonsensical, and intelligent principles to divine the meaning of the statute, principles employed when interpreting other important and even sacred texts.

We employ two principles of statutory construction to resolve this appeal. First, the statutory provision adopted last prevails unless the first provision is more clear and explicit than the last. *State v. J.P.*, 149 Wn.2d 444, 452, 69 P.3d 318 (2003). The legislature's adoption of former RCW 69.50.4013(4) and the statute's language of "regardless of THC concentration" is equally as specific, if not more specific, than former RCW 69.50.101(v)'s language of a "THC concentration greater than 0.3 percent." Former RCW 69.50.4013(4) denotes a legislative intent to preclude access to marijuana, regardless of its potency, to all minors, just as the legislature has prohibited access to alcohol, regardless of its alcohol content, to all minors.

5

Second, we discern the meaning of legislation by reading all that the legislature has said in the statute and related statutes that disclose legislative intent about the provision in question. *Lowy v. PeaceHealth*, 174 Wn.2d at 779 (2012). We read statutes as a whole. *State v. Murray*, 187 Wn.2d 115, 124, 384 P.3d 1150 (2016). The definition of "marijuana" listed in former RCW 69.50.101(v) follows the opening sentence in the statute that reads: "The definitions in this section apply throughout this chapter unless the context clearly requires otherwise." The context of former RCW 69.50.4013(4) lucidly mandates otherwise.

We observe that Jiovanny Jimenez, when inserting the Uniform Controlled Substances Act's general definition of "marijuana" into former RCW 69.50.4013(4), fails to complete the entire language of the minor in possession statute. If we substitute the definition of "marijuana" under former RCW 69.50.101(v) for the word "marijuana" used in former RCW 69.50.4013(4), the latter statute would declare:

> No person under twenty-one years of age may possess, manufacture, sell, or distribute cannabis with a THC concentration greater than 0.3 percent, regardless of THC concentration.

The statute would internally clash.

No. 34069-4-III
*State v. Jimenez*

## CONCLUSION

We affirm the juvenile court's conviction of Jiovanny Jimenez for minor in possession of marijuana. The law does not require the State to measure the THC content of the marijuana found on a minor's person.

_____
Fearing, C.J.

WE CONCUR:

_____
Siddoway, J.

_____
Lawrence-Berrey, J.

7